together, that it was influenced by fear of injury or by reward or hope thereof, and that whether it was so induced was a fact for the jury to find, was properly denied. The language of the request was more comprehensive than the statement, whether taken with the evidence or without it, rendered pertinent or appropriate.

4. There being nothing in the evidence touching the element of self-defense or any grade of homicide except murder, and no request having been made to charge the jury on self-defense, failure to charge on it was not error, although the prisoner's statement may have presented the question, the court having charged on the statement in terms of the statute. Darby v. The State, 79 Ga. 63; Underwood v. The State, 88 Ga. 47.        Judgment affirmed.

October 8, 1894.

Indictment for murder. Before Judge MILNER. Bartow superior court. January term, 1894.

J. B. CONYERS, T C. MILNER and J. W. HARRIS, Jr., for plaintiff in error. · J. M. TERRELL, attorney-general, and A. W. FITE, solicitor-general, contra.

EVANS v. THE STATE.

BLECKLEY, C. J.—1. One of the State's witnesses having testified that he was induced by the father of the accused to testify falsely before the coroner's jury, and the father having contradicted him as to the facts and circumstances by which the alleged influence was exerted, a conversation between the two witnesses after the false swearing was done is not admissible merely to corroborate the State's witness, but is admissible to impeach the father, if, on being interrogated as to the same while under examination, his attention being called to time, place and person, he denies a material part of the conversation, so as to bring the matter within §3872 of the code touching the impeachment of witnesses by proof of contradictory statements. That the father, after having had the State's witness subpœnaed to testify in behalf of the accused, said he would discharge him or withdraw the subpœna, is not admissible in evidence as an independent fact, but might be relevant as part of a conversation involved in the foregoing propositions.

2. It is not correct practice for the court to charge the jury as to the preliminaries which must appear before contradictory statements by a witness can be proved to affect his credit, these preliminaries being matters exclusively for the court. But an error in this respect would not be cause for a new trial.

3. If a witness in testifying at different times and in different trials of the same case contradict himself upon immaterial matters alone, it is of no consequence; but if some of the matters be material and others immaterial, the jury should not be instructed that they are not authorized to consider those which are immaterial, though it would be correct to instruct them that for these alone the witness could not be discredited.

4. On the trial of a criminal case, it is error for the court to instruct the jury to give the evidence for the State just such weight and credit as they give the testimony for the defense, and to give it all such weight and credit as they think it entitled to. The latter proposition would be correct if it stood alone; but the whole is vitiated by the direction to give as much weight and credit to the State's evidence as to that in behalf of the accused. The jury, and not the judge, must determine the relative weight and credibility of the evidence.

5. Other than as indicated in the preceding notes, no error prejudicial to the accused appears in any of the grounds of the motion for a new trial, though there were some slight errors made in his favor.  .  *Judgment reversed.*

October 15, 1894.

Indictment for murder. Before Judge SMITH. Dodge superior court. March term, 1894.

J. W. WALTERS, D. M. ROBERTS and E. A. SMITH, for plaintiff in error. TOM EASON, solicitor-general, by HARRISON & PEEPLES, *contra.*

---

HUFFMAN *v.* THE STATE.

| 95  469 |
| 104  749 |

BLECKLEY, C. J.—1. An indictment under the code, ?4577(a), for interrupting or disturbing a school, describes sufficiently the mode of interruption or disturbance, which charges that the offense was committed " by cursing and quarreling and fighting and discharging a loaded pistol, and by boisterous conduct and by otherwise indecently acting "; and under such indictment, evidence is admissible which tends to establish the charge.

2. It is not cause for reversing the denial of a continuance that the movant made a legal showing as to the absence of one witness, it appearing by the same showing, on cross-examination, that another witness was present by whom he could prove the facts to which the absent witness was expected to testify, and it not appearing that the discretion of the court was abused.