23583. JACKSON *v.* THE STATE.

Decided July 12, 1934.

*Porter & Mebane,* for plaintiff in error.
*James F. Kelly,* solicitor-general, *J. Ralph Rosser,* contra.
MacIntyre, J. The special presentment in this case is based

on the act of 1921 (Ga. L. 1921, pp. 255, 258; Michie's Code, § 1770(54)), and charges Lawrence Jackson with driving an automobile against K. M. Young on the Lindale and Rome public road, in Floyd county, Georgia. The presentment follows closely that part of the statute which reads as follows: "In case of accident to any person or damage to property upon the public street or highway, due to the operation of a motor-vehicle or motor-cycle thereon, the operator of such machine shall immediately stop, and, upon request of the person injured or sustaining damages thereby, or any other person present, give such person his name and address, and if he is not the owner of such vehicle, then the name and address of the owner thereof."

J. H. Sanford, sworn for the State, testified in substance that the accident occurred on the Lindale public road; that the car in which the defendant was riding was traveling in the direction of Rome at a speed of about sixty miles an hour, with the right-hand wheels about a foot off the pavement on the right side of the road; that while Young was "walking off the pavement on the dirt" in the direction of Lindale, the defendant struck Young with defendant's automobile and "knocked him clean up in the air and over the automobile" and broke his leg; and that after striking Young the defendant "did not stop, but, if anything, increased his speed." Claude Sanford, sworn for the State, testified substantially as did the witness J. H. Sanford, except that he estimated the speed of the defendant's automobile at about fifty miles an hour, thought that Young was walking on the pavement when he was struck, and merely stated that Young was "turned around" when the automobile hit him. Grady Harris, sworn for the State, testified in substance that the defendant was traveling about fifty miles an hour; that Young "was on the east side of the pavement when Mr. Jackson struck him;" and that the defendant did not stop the car when he hit Young. George Walker, sworn for the State, testified in substance that he was in the car with the defendant at the time of the accident; that Young "was going towards Lindale, and we were going towards Rome;" that Young "was on the left side of the road in the direction in which he was going, and we were on the right side of the road in the direction in which we were going;" that the defendant was driving "some two feet from the outer edge of the concrete pavement," and that when the automobile

got within a few feet of Young, Young turned and looked back and "suddenly turned to cross the road in front of our car," without looking in the direction of said automobile; that the defendant "pulled his automobile to the left for the purpose of avoiding striking Mr. Young, but that he was so close to Mr. Young that the defendant struck Mr. Young with the front right side of the car and knocked him in the air;" that "after we had gotten several hundred yards by Mr. Young, I told the defendant that he had hit Mr. Young, and he said he reckoned not;" that the defendant did not stop and go back to where Young was, but proceeded on to East Rome, and, "after getting through with some business there, we turned around and went back by the place where the accident happened, and Mr. Young was not there, nor any one else, and we went on to Lindale:" and that, in witness's opinion, the defendant was driving "between thirty-five and forty miles per hour."

The defendant introduced no evidence, but stated to the jury in substance what his companion George Walker swore, except that he stated that he did not know that his automobile struck Young; that when he had driven about a quarter of a mile beyond Young, Walker told him that "he believed that I hit the man, and I told him I guessed not;" and that when he heard that a warrant had been sworn out for him he went to Rome, surrendered to the deputy sheriff, and gave bond.

The evidence certainly warranted the jury in concluding that the defendant had violated the statute, and we hold that there is no merit in the general grounds of the motion for a new trial.

In special ground 1 it is urged that the court erred in charging the jury as follows: "Under this statute the only two questions for this jury to determine are as to whether or not the defendant in this case struck K. M. Young, and, if you find that he did, then as to whether or not he had knowledge that he struck him and with that knowledge failed to stop. If you find those facts true, then it would be your duty to convict the defendant." It is insisted that the foregoing charge improperly restricted the jury to a consideration of only two issues, when there were other issues in the case, such as whether or not the offense was committed in Floyd county, and whether or not the Lindale road was a public road. It is quite true that the presentment and the plea of not guilty put the State upon proof of every material allegation in

the presentment. As we view the charge, however, the court was not attempting in this excerpt to cover every possible issue in the case, but was briefly stating the issues under the statute as applied to the facts of the case. Indeed, at the very beginning of the charge the court read to the jury the presentment, and instructed them in substance that this presentment and the defendant's plea of not guilty made the issues in the case. It is undisputed, under the evidence and the defendant's statement, that the defendant struck Young while driving his automobile "on the Lindale public road," and that he did not .stop as the law required. After quoting the provisions of the statute as set out in the first part of this opinion, the court instructed the jury that "an automobile is a motor-vehicle," and then charged them as follows: "I charge you that if the defendant did not know he had hit the prosecutor, he would not be required to stop, and if you find that fact to be true, it would be your duty to acquit him." Then comes the charge objected to, followed by this statement: "If you find that the defendant did strike K. M. Young, but that he had no knowledge of having struck him, then it would be your duty to acquit the defendant." The charge last quoted was immediately preceded by this instruction: "If you find that the defendant did not strike K. M. Young, it would be your duty to acquit him." It may also be observed in this connection that the motion for a new trial contains no special· ground, based upon the act of 1911, complaining that the venue was not proved. The evidence makes out a very strong case against the defendant, and, considering the excerpt complained of in the light of the charge as a whole and in the connection in which it was given, we hold that it discloses no reversible error for any reason assigned. The criticism that the charge would warrant the jury in convicting the defendant if "he struck K. M. Young with something else than the automobile described in the indictment" is extremely hypercritical and obviously without merit.

Special ground 2 avers that the following charge is erroneous: "I charge you that the word 'immediately' in the statute does not contemplate that after having struck a person on the highway, he should leave the scene, and thereafter,—at any time thereafter,—return and give the required information; that would not come within the contemplation of the statute as to the meaning of the word 'immediately.'" The gist of the assignment of error is that

the charge "is a misstatement of the law, and is not the law, in that it is a question for the jury to determine how soon after an accident a person driving an automobile on a highway and striking another . . should return to the scene of the alleged accident and give the information required by the statute, and it is a question for the jury to determine the meaning of the word immediately, and not a question of law for the court." In passing, it may not be amiss to say that "immediately" is defined in the Standard Dictionary as "without lapse of time, instantly, at once," and that the Civil Code (1910), § 4 (1), provides that in construing statutory enactments, "the ordinary signification shall be applied to all words." However, in view of the fact that the record discloses, without contradiction, that the defendant never stopped at all, but proceeded on his journey to Rome and attended to his business there, and never appeared again at the scene of the tragedy until he passed it in returning to Lindale, we do not deem it necessary to construe the meaning of the word "immediately" as used in the statute. Our ruling is that under the undisputed facts of the case the charge could not, in any event, be harmful to the accused, and that the ground discloses no reversible error.

It is averred in special ground 3 that the court erred in refusing to charge the jury as follows: "If the defendant did not know that he struck Mr. Young with an automobile until after Mr. Young was hit, and then, when some distance from the place where Mr. Young was hit unknown to the defendant, then for the first time a third person told him he had hit some one, under such circumstances the defendant would not be guilty, and you would acquit the defendant." A casual reading of the statute hereinbefore quoted satisfies us that the charge is not a correct statement of law. Furthermore, the following broad and favorable charge was given the jury: "If you find that the defendant did strike Mr. Young, but that he had no knowledge of having struck him, then it would be your duty to acquit the defendant." We hold that the court properly refused to give the requested charge.

Special ground 4 complains that the court refused to charge: "If the defendant, in a reasonable time after the said Young was hit, surrendered to the sheriff and made himself known as the driver of the automobile, then you will acquit the defendant." Surely the fact that a defendant surrenders to the sheriff after he hears that

there is a warrant for him and tells the sheriff that he was the driver of the automobile in question, especially where, as in this case, the defendant never stopped at the time of the accident, nor shortly thereafter when apprised of it, is not compliance with the explicit requirement of the statute that the operator of the machine "shall immediately stop," etc. The requested charge is not the law and does not comport with the facts of the case, and the request was properly refused.

In regard to special ground 5, wherein it is averred that the court erred in refusing to charge that "the law does not require the instant stopping of an automobile upon striking a person upon a public road, but if, soon after, the defendant makes himself known to the driver of the automobile, he complies with the law," we deem it only necessary to say that this is not a correct statement of the law and does not fit the facts of this case.

Special ground 6 complains that the court refused to charge: "If the defendant made his name known soon after the said Young was hit, and stopped soon thereafter, is all that is required." This charge is not the law, and, if it were, it is not applicable to the facts of this case.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*