## 56803. GRIFFIN v. THE STATE.

DEEN, Presiding Judge.

1. Where, as here, the defendant is indicted under the same set of facts in two counts for burglary and rape, a verdict finding him guilty of rape but not guilty of burglary is not void for contradiction as a matter of law. To convict of the crime of burglary (Code § 26-1601) it is not sufficient merely to prove an illegal entry, but there must also be evidence from which the jury may conclude that there was an intent to commit a theft or felony. "[T]he question of intent is for the determination of the jury under the facts and circumstances proved." *Wells v. State,* 144 Ga. App. 841 (242 SE2d 752) (1978). While entry plus commission of the crime of rape might authorize a finding that the entry was with intent to commit the rape, this remains a jury question. If the jury is not satisfied beyond a reasonable doubt that the intent to commit the rape existed prior to or at the time of entry it might well find the defendant not guilty of burglary, although a subsequent rape was proved and a verdict of guilty rendered on that count alone. The verdict is not void because self-contradictory.

2. The state turned over to the Crime Laboratory hair samples taken from the victim's bed, plus known hair samples of the defendant, the victim, and others.

Defendant filed Brady motions seeking, among other things, hair sample descriptions and statement of the results of any tests made. Later he filed a motion stating that the hair samples had been turned over to the State Crime Laboratory which had conducted tests with inconclusive results and prayed an order making available samples of the hair seized so that he might have a private analysis conducted. The court granted the motion in part, holding that the defendant "may have an independent examination at State Crime Lab under their supervision." The complaint here is that the defendant has suffered due process deprivation, "Neutron Activation Analysts not being available at the Georgia State Crime Laboratory." No evidence regarding this method of examination appears to have been offered in support of the motion.

The parameters of Georgia constitutional requirements for furnishing samples of seized contraband to the defendant for examination are set forth in *Patterson v. State,* 238 Ga. 204, 206 (232 SE2d 233) (1977). *"Patterson* does not stand for the proposition that a defendant's request for funds to hire independent experts must always be granted to avoid due process violations," and where (a) the crime laboratory personnel are not shown to be biased or incompetent, and (b) the defendant's conviction does not rest entirely on their analysis, it is not an abuse of discretion to refuse to appoint an independent expert. *Patterson v. State,* 239 Ga. 409, 413 (238 SE2d 2) (1977). Here, of course, the defendant offered to procure and pay for his own expert, but did not want the testing done in the state laboratory. *Patterson* has been further circumscribed in *Moore v. State,* 240 Ga. 807, 814 (243 SE2d 1) (1978), holding that it "merely conceded the right of access to evidence in a case in which the question of the identity of the alleged prohibited substance was determinative of guilt or innocence." The tests in the crime laboratory did not involve contraband, and they were in any event inconclusive. They did not contribute to a solution of the identity of the perpetrator of the rape, as to which there was ample evidence *aliunde* implicating the defendant and none pointing to anyone else. One of the reasons for leaving the question of the analysis of

evidence in other locations and by other persons to the trial court's discretion is so that "appropriate safeguards for the independent analysis may be imposed by the trial court." *Partain v. State,* 238 Ga. 207, 208 (232 SE2d 46) (1977). No abuse of discretion appears here.

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED NOVEMBER 13, 1978 — DECIDED DECEMBER 1, 1978.

*Hester & Hester, Frank B. Hester,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Victor Alexander, Jr., Carole E. Wall, Assistant District Attorneys,* for appellee.