## 66546. PLUMMER v. THE STATE.

Deen, Presiding Judge.

Albert Plummer appeals from his conviction of criminal attempt to commit burglary, contending that the court erred in charging the jury on this offense, and asserting the general grounds.

1. The complained of charge is authorized, when supported by the evidence, OCGA § 16-4-2 (Code Ann. § 26-1004): "A person may be convicted of criminal attempt if the crime attempted was actually committed in the pursuance of the attempt but may not be convicted of both the criminal attempt and the completed crime." Under OCGA § 16-4-3 (Code Ann. § 26-1005), "A person charged with

commission of a crime may be convicted of the offense of criminal attempt as to that crime without being specifically charged with the criminal attempt in the accusation, indictment, or presentment." The evidence, as set forth in Division 2 below, was a sufficient basis for the giving of a charge on criminal attempt.

2. Appellant admits entering a closed gas station at 5:00 a.m. The evidence showed that entry was obtained by the removal of a board which covered a broken window. Shortly after his entry, the police arrived in response to a silent alarm, and appellant was discovered attempting to conceal himself underneath the body of a wrecker truck. Nothing was taken. Appellant claims he entered the station and smoked three cigarettes because it was cold outside and he wanted to talk to someone about money he claims the station manager owed him for working there six months previously. He claimed he was fired in a dispute over some missing money and that he thought if he were found inside and nothing was missing when the manager arrived, he could clear his name and would receive his back pay.

The credibility of the witnesses is solely a jury question. *Talley v. State,* 164 Ga. App. 150 (296 SE2d 173) (1982); *Redd v. State,* 154 Ga. App. 373 (268 SE2d 423) (1980). Questions of reasonableness are likewise issues for jury determination. *Jackson v. State,* 158 Ga. App. 530 (281 SE2d 252) (1981). From the evidence presented, a rational trier of fact could find the defendant guilty beyond a reasonable doubt. *Crawford v. State,* 245 Ga. 89 (263 SE2d 131) (1980).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED SEPTEMBER 7, 1983 —
REHEARING DENIED SEPTEMBER 22, 1983 — ▮

*James W. Howard,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, John M. Turner, Jr., Assistant District Attorneys,* for appellee.