71616. SCHMALZ v. THE STATE.
(341 SE2d 11)

BIRDSONG, Presiding Judge.

Keith Allen Schmalz was convicted by jury of the misdemeanor of leaving the scene of an accident without making his identity known. He was sentenced to 12 months confinement suspended upon the payment of a $1,000 fine and restricted from driving his vehicle for 60 days. Schmalz brings this appeal enumerating three errors all dealing with evidentiary sufficiency. *Held:*

The jury was warranted in concluding from the evidence presented that in the morning hours of February 13, 1984, at about 10:15 a.m., a Ms. Miller was driving her automobile east on a public road in Fulton County. A brown recreational type van came from her

rear and passed her on the left of the two-lane road. Another vehicle approaching from the east in the westbound lane forced the van to move back into the eastbound lane quickly and some portion of the van struck Ms. Miller's auto lightly on the left edge of the rubber covered bumper of Ms. Miller's car. The impact, though slight, was sufficient to push Ms. Miller's auto to the right causing her right front wheel to strike the curb. The only damage to Ms. Miller's car was to strip back a portion of the rubber padding from the left edge of her front bumper and perhaps dent the left front fender. Ms. Miller observed by the brake light that the driver of the brown van momentarily put on his brakes and then accelerated on away from her. She blew her horn but the car continued on to the next intersection ahead where the car drove on through by turning to the right even though the traffic light at the intersection was red.

When the brown van slowed momentarily, Ms. Miller saw that the van had a distinctive black pipe bumper rather than a chrome bumper and that the tag of the van was 4x4 VAN. She saw that the driver was a white male who had shoulder length brown hair. Ms. Miller reported the accident to the police. A computer check disclosed that tag number 4x4 VAN was a prestige license issued to Richard V. Schmalz, the father of Keith Schmalz. Investigation further disclosed that Keith Schmalz had the only readily available set of keys to the van and was the only possible driver of the van on February 13. The officer's investigation also disclosed that the vehicle bearing tag number 4x4 VAN was a brown recreational van with a heavy duty black pipe bumper instead of a chrome one and that Keith Schmalz had shoulder length brown hair. Opposed to this circumstantial evidence, Keith Schmalz presented substantial evidence that the van was not driven at all on February 13 and that he personally was physically at some other place driving another vehicle at the time of the minor accident suffered by Ms. Miller.

Schmalz complains the trial court erred in failing to direct a verdict of acquittal at the completion of the evidence; that the state did not prove Schmalz' personal presence at the scene beyond a reasonable doubt; and that the facts show the impossibility of the van having inflicted the damages actually suffered by Ms. Miller's auto.

As to the last issue, Schmalz sought to show that the iron pipe bumper was placed too high on his van to have caused the stripping away of the black rubber padding on Ms. Miller's front bumper. However, it was admitted by an expert called by Schmalz that the damage could have been caused by some other means such as the rear tire on the van rubbing against the bumper.

As to the sufficiency of the circumstantial evidence, while the verdict of guilty was not demanded, it was not necessary for the state to prove that it was impossible for the offense to have been commit-

ted by anyone else, or that it might not, by bare possibility, have been done by another. *Pinson v. State*, 235 Ga. 188, 190 (219 SE2d 125). Questions of reasonableness are generally to be decided by a jury and if the jury is authorized by the evidence to find appellant guilty, the appellate court will not disturb the finding, unless the verdict of guilty is unsupportable as a matter of law. *Harris v. State*, 236 Ga. 242, 245 (223 SE2d 643); *Harris v. State*, 236 Ga. 766, 767 (225 SE2d 263). Whether every reasonable hypothesis except that of guilt of the defendant has been excluded itself is a question for the jury where the jury is properly instructed. *Rogers v. State*, 139 Ga. App. 656, 659 (229 SE2d 132).

Under the facts of this case, the evidence points inexorably toward Keith Schmalz and him only. The jury heard and weighed the evidence of alibi and rejected the evidence in explanation offered by Schmalz and his witnesses. This weighing and selecting by the jury was in accordance with its duty, and as it was charged, accepting that evidence they found most persuasive. Though the verdict of guilt was not demanded, it is supported by evidence sufficient to convince a reasonable trier of fact beyond reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

Schmalz asks this court to reweigh the evidence and substitute our judgment for that of the jury as to the questions of his physical presence at the scene of the accident and as to the possibility that the black pipe bumper could have caused the damages to Ms. Miller's vehicle. The jury heard the evidence and the arguments and found in favor of the state. That finding is supported by competent evidence. In determining the sufficiency of the evidence to support findings of fact and guilt, we do not weigh the evidence but only its sufficiency to convict beyond a reasonable doubt. *Bethay v. State*, 235 Ga. 371 (219 SE2d 743); *Watts v. State*, 239 Ga. 725, 727 (1) (238 SE2d 894). The evidence in this case meets the required standard of sufficiency. There is no merit in any of the three enumerations proffered by appellant.

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED JANUARY 31, 1986.

*John J. Jones*, for appellant.
*James L. Webb, Solicitor, Norman R. Miller, Assistant Solicitor*, for appellee.