### 73599. STEWART v. THE STATE.
(356 SE2d 535)

POPE, Judge.

James Stewart, Jr., brings this appeal from his conviction of voluntary manslaughter. We affirm.

Viewing the evidence in a light most favorable to the State, the record reveals that on August 3, 1985 appellant stood with the victim and at least four other young men on the steps of a local church where a decision was made by some of the group to pool their money in order to buy a six-pack of beer. Although appellant contributed money and the victim did not, the victim received a beer from one of the other young men. An argument then ensued between appellant and the victim and culminated when appellant fatally stabbed the victim in the left upper chest with a small hunting knife.

1. Appellant argues that the trial court erred by failing to sustain his objection to the testimony of a State's witness who testified on redirect examination that appellant's father offered him $300 to "lie for his son." Appellant contends that this testimony impinged on his credibility and impermissibly placed his character in issue.

The record reveals that during cross-examination the State's witness testified that he did not talk to police officers at the scene of the crime, but rather gave a statement some two days later. On redirect examination, the prosecution asked him if anyone had tried to influence him. Appellant's counsel then objected as follows: "I'm going to object to that. He can ask him if he's spoken to anybody, but if he's trying to create some inference for this jury to prejudice my client, I object." The trial court overruled the objection, and the State's witness testified that appellant's father had offered him a bribe.

The objection made at trial was too general to preserve on appeal the issue of whether or not the testimony about which appellant complains placed his character in issue. See *Goldsmith v. State,* 148 Ga.

App. 786 (9) (252 SE2d 657) (1979). In any event, we find no ground for reversal in admitting this testimony into evidence. See *Evans v. State*, 95 Ga. 468 (1) (22 SE 298) (1894). Cf. *Gordy v. State*, 236 Ga. 723 (3) (225 SE2d 287) (1976).

2. Appellant argues that the trial court erred by failing to grant his motions for directed verdict of acquittal made at the close of the State's evidence and at the close of all of the evidence. He argues that the State failed to establish that he was the assailant to whom the State's witnesses referred and that the State failed to establish that he did not act in self-defense. Although the prosecution inartfully inquired of two State's witness whether they saw appellant "in court today," the record contains other evidence which shows that appellant was the person who became embroiled in a conflict with the victim and who stabbed him.

The denial of a motion for directed verdict of acquittal should be affirmed upon review if any rational trier of fact could have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. *Humphrey v. State*, 252 Ga. 525 (1) (314 SE2d 436) (1984); *Fobbs v. State*, 171 Ga. App. 352 (1) (319 SE2d 522) (1984). Further, "[w]hether or not a provocation, if any, is such a serious provocation as would be sufficient to excite a sudden, violent, and irresistible passion in a reasonable person, reducing the offense from murder to manslaughter, is generally a question for the jury." *Anderson v. State*, 248 Ga. 682 (3) (285 SE2d 533) (1982). In applying the above-stated principles to the facts sub judice, we find no error in the trial court's denial of appellant's motions.

3. In appellant's third enumeration of error, he contends that the trial court erred by refusing to give his requested jury charge concerning involuntary manslaughter. This issue has been decided adversely to appellant in *Saylors v. State*, 251 Ga. 735 (3) (309 SE2d 796) (1983), which held that "a defendant who seeks to justify homicide under the 'self-defense' statute, OCGA § 16-3-21 [cit.], is not entitled to an additional instruction on involuntary manslaughter in the course of a lawful act, OCGA § 16-5-3 (b) [cit.] . . . For if he is justified in killing under OCGA § 16-3-21 [cit.], he is guilty of no crime at all. If he is *not* so justified, the homicide does not fall within the 'lawful act' predicate of OCGA § 16-5-3 (b) [cit.], for the jury, in rejecting his claim of justification, has of necessity determined thereby that the act is not lawful." Id. at 737. Therefore, we find no merit to this argument.

Appellant further argues that the following charge by the trial court impermissibly shifted the burden of proof to him: "I [c]harge you that you may infer that a person of sound mind and discretion intends to accomplish the natural and probable consequences of his intentional acts and if a person of sound mind and discretion inten-

tionally and without justification uses a deadly weapon or an instrumentality in the manner in which such weapon or instrumentality is ordinarily used and thereby causes the death of a human being, you may infer the intent to kill." However, this charge, couched in terms of inferences rather than mandatory presumptions, is not impermissibly burden shifting. See *Shepherd v. State*, 173 Ga. App. 499 (4) (326 SE2d 596) (1985). We find no merit in this enumeration.

4. We find no merit in appellant's enumeration that "the trial court erred in the charges which it gave to the jury."

5. Appellant contends that the trial court erred by denying his motion for new trial in that the evidence adduced at trial was insufficient to sustain a verdict of guilty. We find that after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Therefore, we find no error in the trial court's denial of appellant's motion for new trial.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED APRIL 9, 1987.

*Michael G. Schiavone*, for appellant.
*Spencer Lawton, Jr., District Attorney, Gregory M. McConnell, Assistant District Attorney*, for appellee.