A90A0871. HICKS v. THE STATE.
(396 SE2d 33)

SOGNIER, Judge.

Howard David Hicks was convicted of theft by taking in a jury trial in Hall County, and he appeals from the judgment entered on the verdict.

1. Appellant first enumerates the general grounds, contending that the State's evidence did not establish beyond a reasonable doubt that he exercised dominion or control over the stolen vehicle. Jerry Greenway, owner of Greenway Motors, testified that he was working in his office at the dealership on the night of February 8, 1989. Around 9:00 or 10:00 p.m., he heard noises outside, but saw nothing when he went out to investigate. He left the dealership at about 10:00 o'clock. Lt. Bobby McMahan of the Hall County Sheriff's Department testified that he was driving past Greenway Motors sometime after

10:00 p.m. when he saw a jeep parked at the entrance to a mobile home park approximately 500 yards from the dealership. A man he identified as appellant was standing beside the open door on the driver's side. When McMahan stopped to offer assistance, he noticed that the steering column was "busted and broken," wires were hanging out of the steering column, and small particles of metal were scattered on the floorboard on the driver's side. Appellant told the officer his name was Michael Troy Bowers and that he was trying to jump start the car for a friend. Deputy Sheriff Gerald Couch testified that when he responded to McMahan's call for backup, appellant accompanied him on a search for the friend, and when that task proved unsuccessful appellant admitted his true identity.

We find this evidence sufficient to authorize a conviction for violation of OCGA § 16-8-2 under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). While appellant is correct that mere presence at the scene of a crime is insufficient to support a conviction, *Simmons v. State*, 149 Ga. App. 589, 590 (254 SE2d 907) (1979), here the evidence establishing that appellant was standing beside the open driver's door of a jeep that belonged to a dealership located 500 yards away was sufficient to establish wrongful asportation and wrongful exercise of dominion over the vehicle. See *Ford v. State*, 144 Ga. App. 599 (241 SE2d 481) (1978). Given the evidence that the jeep had been stolen and appellant's failure to provide a satisfactory explanation for his possession of the vehicle, especially when the steering column had been damaged and appellant gave a false name to the investigating officers, the jury was authorized to conclude that appellant was guilty of the theft of the jeep. See *Williamson v. State*, 248 Ga. 47, 49 (1) (a) (281 SE2d 512) (1981).

2. The trial court charged the jury that "[i]n theft cases the slightest change of location whereby complete control of the property is transferred from the owner to another is sufficient evidence of carrying away or removal." Appellant contends the giving of this charge was erroneous because there was no evidence from which the jury could conclude that appellant had changed the location of the jeep. This enumeration is without merit. Since we concluded in Division 1 that the evidence was sufficient to establish that the jeep had been removed from the dealership lot without permission and that appellant was responsible for this removal of the vehicle, we hold the charge was a correct statement of the law, see *Ford*, supra, and was authorized by the evidence.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED JULY 2, 1990.

*L. Eddie Benton, Jr.*, for appellant.

*C. Andrew Fuller, District Attorney, Jessica K. Vaughn, Assistant District Attorney*, for appellee.