A92A0126. DEAN v. THE STATE.
(418 SE2d 117)

SOGNIER, Chief Judge.

Michael Edward Dean was convicted of theft by taking (motor vehicle), and he appeals contending the circumstantial evidence was insufficient to support the verdict.

The evidence at trial established that Eddie Michael Smith parked his Ford truck leaving the keys in the ignition when he

stopped at a bar at 9:30 p.m. on December 15, 1989. Smith reported the truck missing at 12:30 a.m. and was then informed the truck had been involved in an accident. Smith testified that his truck was totalled in the accident and that he observed blood on the seat, floor, and dash of the passenger side of the vehicle. Rhonda Pickerin testified that she saw the truck crash into a utility pole after attempting a left turn at high speed, that she saw only one person, the driver, in the truck, and that she would have seen anyone had they been in the bed of the truck. Pickerin testified it took her no more than 10 minutes to drive to a nearby business, report the accident, and return to the accident scene, at which time a police officer had already arrived. Officer Robert Harvey of the Glynn County Police Department testified that he arrived at the accident scene at 11:12 p.m., within a minute after receiving the call over his radio, where he found only appellant, who was outside the truck, bleeding profusely and smelling strongly of alcohol. Harvey testified that appellant denied owning or operating the truck and claimed to have been riding in the bed of the truck. When Harvey investigated the truck, however, he found blood only inside the vehicle and an indentation in the dash toward the passenger's side. He also found a half gallon jug of whiskey sitting on the passenger side floorboard and several empty beer cans.

Appellant testified that on the night of December 15, the vehicle he was driving broke down and that a stranger, driving the truck in issue, stopped and offered him a ride. Appellant stated he gave the driver money to transport him and his possessions to his mother's house. Appellant's mother testified that on the night in issue appellant came to her house in a truck being driven by another man around 10:00 p.m. (within half an hour after Smith had left his truck at the bar's parking lot). Appellant testified that after leaving his possessions with his mother he had the truck driver take him to a gas station to purchase fuel, and that they were driving back to appellant's vehicle when the accident occurred. Appellant testified that the driver, claiming he was going to telephone for an ambulance for appellant, walked away from the truck after the accident. Appellant also testified that the force of the collision ruptured the gas can he was carrying and soaked him in gasoline. On rebuttal, Officer Harvey testified that he did not smell gasoline on appellant or inside the truck cab, and that he found only the whiskey jug and empty beer cans in the truck.

When the evidence connecting a defendant to the charged crime is circumstantial, to warrant a conviction "the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6. " '[C]ircumstantial evidence must exclude only *reasonable* inferences and hypotheses and it is not necessary

that such evidence be devoid of *every* inference or hypothesis except that of the defendant's guilt.'" (Emphasis supplied.) *Peppers v. State*, 261 Ga. 338, 339 (1) (404 SE2d 788) (1991). "Questions as to reasonableness are generally to be decided by the jury which heard the evidence and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, the appellate court will not disturb that finding, unless the verdict of guilty is unsupportable as a matter of law." *Harris v. State*, 236 Ga. 242, 245 (1) (223 SE2d 643) (1976). See *Atchison v. State*, 181 Ga. App. 351, 352 (352 SE2d 201) (1986). Given the discrepancies in the evidence regarding where in the truck appellant claimed to have been riding (passenger seat or truck bed) and whether a ruptured gas can or gasoline fluids were present at the accident scene, in addition to the testimony by Pickerin that she saw only the driver in the truck and the evidence that appellant was the only person at the scene when police arrived within minutes after the truck's high-speed collision with the utility pole, the evidence points inexorably toward the conclusion that only appellant could have been the driver of the truck. The jury heard and weighed the evidence regarding appellant's defense that another was driving the truck and rejected the evidence in explanation offered by appellant and his mother. This weighing and selecting by the jury was in accordance with its duty. See *Schmalz v. State*, 177 Ga. App. 634, 636 (341 SE2d 11) (1986). Thus, contrary to appellant's argument that the State failed to exclude the reasonable hypothesis that he was merely present at the scene of a crime, the evidence instead was sufficient to establish that appellant was in actual possession of the truck not more than two hours after it was stolen. From this evidence the jury was authorized to conclude beyond a reasonable doubt that appellant was guilty of the theft of the truck under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Hicks v. State*, 196 Ga. App. 180-181 (1) (396 SE2d 33) (1990).

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED APRIL 7, 1992.

*James A. Yancey, Jr.*, for appellant.

*W. Glenn Thomas, Jr.*, District Attorney, *Kevin R. Gough*, Assistant District Attorney, for appellee.