## A92A0645. LEGG v. THE STATE.

(419 SE2d 151)

Pope, Judge.

Defendant Robert E. Legg was charged with burglary and convicted by a jury of criminal attempt to commit burglary. He appeals from the denial of his motion for new trial, asserting the general grounds and challenging certain portions of the trial court's charge to the jury. *Held:*

Construed so as to support the jury's verdict, the evidence adduced at trial showed the following: On July 15, 1991, law enforcement officials discovered that the front window of McFalls Garage had been broken out. An old air conditioner compressor, which had been placed outside the building, was found inside the building and appeared to have been thrown through the window. Blood was found both inside and outside the building and a blood trail was seen leading away from the building. The garage owner's son and Detective Keith Smith of the Dalton Police Department followed the trail to a house approximately three blocks away. Blood was observed on both the back and front porch of the dwelling and on the driveway. Defendant's wife admitted the officer into the house where defendant was lying in bed with a sheet pulled up to his mouth. The officer asked defendant to get out of bed and when he refused the officer pulled the sheet down. Defendant was bandaged from his elbows to his wrists on both arms. The officer asked defendant how he hurt himself and defendant initially responded that he had fallen through a glass table. The officer placed defendant under arrest. As defendant was being led to the squad car he volunteered that he now "remembered what happened" and stated that he had been intoxicated the night before and had fallen through the window of McFalls Garage as he attempted to urinate next to the window. At trial defendant also testified that he was intoxicated on the night in question and had walked over to McFalls Garage with the intention of urinating beside the building but that he had stumbled over "some stuff" placed outside the garage and had fallen through the window which, according to defendant, was already broken. Defendant testified he then walked back home, and at his wife's insistence, ultimately went to the hospital where his cuts received in the fall through the window were sutured.

1. Defendant first challenges the sufficiency of the evidence to support his conviction for criminal attempt to commit burglary. In support of this enumeration defendant argues that no evidence was presented at trial that he entered or attempted to enter McFalls Garage or that he intended to steal anything from the garage. As stated above, according to defendant's version of events, he merely fell through an already broken window while he was attempting to uri-

nate outside the building. However, when police came to defendant's home he initially tried to conceal the wounds received from the broken glass by covering up with a sheet and refusing the officer's request to get out of bed. Defendant admitted that his initial statement to Detective Smith about how he had been hurt was not true, and stated that he had lied because he was "nervous, shook up, drunk, and everything else." Although defendant testified at trial that his intention in going over to the garage was to get off the street so that nobody could see him, he admitted on cross-examination that he was visible from the street from his position in front of the building. Defendant also denied that he intended to steal anything from inside the building, and testified at trial that there was nothing in the building he wanted. The owner of the building testified, however, that valuable tools and other items were located in the building and that cars are sometimes stored there overnight.

"In order to commit the offense of criminal attempt, a person must have the intent to commit a specific crime. OCGA § 16-4-1. The question of intent to commit burglary ' "is for the determination of the jury under the facts and circumstances proved." (Cit.)' *Griffin v. State,* 148 Ga. App. 311 (1) (251 SE2d 161) (1978). ' "As a general rule the state must, of necessity, rely on circumstantial evidence in proving intent. (Cit.) . . . (Cits.)' *Kinney v. State,* 155 Ga. App. 95, 96 (1) (270 SE2d 209) (1980). The presence of valuables inside the premises, . . . could support an inference of the intent to steal particularly when no other motive is apparent. *Bradshaw v. State,* 172 Ga. App. 330, 332 (2) (323 SE2d 253) (1984); *Parrish v. State,* 141 Ga. App. 631 (1) (234 SE2d 174) (1977)." (Indention omitted.) *Methvin v. State,* 189 Ga. App. 906, 907-908 (1) (377 SE2d 735) (1989). Although defendant denied his intention to commit a theft, it is axiomatic that "[t]he credibility of the witnesses is solely a jury question. [Cits.] Questions of reasonableness are likewise issues for jury determination. [Cit.] From the evidence presented, a rational trier of fact could find the defendant guilty beyond a reasonable doubt. [Cit.]" *Plummer v. State,* 168 Ga. App. 108, 109 (2) (308 SE2d 210) (1983); see also *Glanton v. State,* 195 Ga. App. 533 (394 SE2d 577) (1990).

2. Defendant also contends that the trial court erred in charging the jury as follows: "An intent to steal may be inferred where the [evidence] shows an unlawful entry into the building of another where valuable goods are stored or kept inside, and where there is no other apparent motive for the entry. Whether or not you may make any such inference is a matter solely within the discretion of the jury. What is sufficient to constitute an entry. If a person were to, with the intent to commit a theft in a building, break the window out of a building and reach inside the building, that would constitute a sufficient entry. The Court does not indicate or suggest that that is what

happened or did not happen, but simply states the rule of law that that would be an adequate entry, as far as the entry requirement is concerned." Citing *Sandstrom v. Montana,* 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979) and *Francis v. Franklin,* 471 U. S. 307 (105 SC 1965, 85 LE2d 344) (1985), defendant argues that this portion of the court's charge was impermissibly burden shifting. We disagree. This court and our supreme court have previously held that a charge which is presented in terms of inferences which might be drawn by the jury, as opposed to legal presumptions, is not impermissibly burden shifting. See *Wood v. State,* 258 Ga. 598, 599 (2) (373 SE2d 183) (1988); *Pace v. State,* 258 Ga. 225 (3) (367 SE2d 803) (1988); *Stewart v. State,* 182 Ga. App. 576, 577 (3) (356 SE2d 535) (1987); *Bogan v. State,* 177 Ga. App. 614, 618 (4) (340 SE2d 256) (1986); see also *Prothro v. State,* 186 Ga. App. 836 (2) (368 SE2d 793) (1988); cf. *Powell v. State,* 187 Ga. App. 878, 879 (372 SE2d 234) (1988). Consequently, this enumeration is without merit.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED MAY 27, 1992.

*Bates, Kelehear & Starr, Harlan M. Starr,* for appellant.
*Jack 0. Partain III, District Attorney, Albert H. Tester, Assistant District Attorney,* for appellee.