A93A0903. DWORKIN v. THE STATE.
(436 SE2d 665)

BIRDSONG, Presiding Judge.

Ronald Dworkin appeals his judgment of misdemeanor conviction and sentence of fleeing the scene of an accident; his sole enumeration of error is insufficiency of evidence. At trial without a jury it was stipulated by the prosecution and defense, that appellant was, in fact, the driver of the vehicle that struck the victim. The so-called "knowledge element . . . the scienter element of the crime" was contested.

The victim and his son were walking along the shoulder of the road facing on-coming traffic; appellant's car approached and edged over without any erratic movement; the victim was struck with the right, outside mirror of the vehicle breaking his arm and dislocating his wrist. The incident occurred between 9:20 and 9:30 p.m.; it was dark. The son was wearing an electric blue ROTC shirt with yellow plastic lettering; it was easily seen at night. The victim was wearing a solid blue shirt, tan slacks, and no reflective clothing. The victim was knocked down and did not see the car thereafter.

The victim's son testified: As he and his father were walking single file with one foot on the asphalt, an approaching car came close; he heard a thump and saw his father had been hit. When his father was struck, a thud occurred — "it was kind of like the pang of metal"; it had (demonstrated by knocking on side of witness box) "a ring to it." In the son's opinion, the noise would not be difficult to hear in a closed-in area. The car flew past him; he saw "the car slow down at the top of the hill, and the brake lights came on . . . then the car

proceeded on." The car's brake lights came on "almost underneath [a street] light." The son recalled no red light, stop sign, or intersection where the car slowed down. Appellant confirmed no such road conditions exist there. Appellant's car was about two football fields away when its brake lights came on.

A passing motorist heard the victim scream, followed the car that was leaving the scene, and obtained its license plate number. The witness opined, without objection, that it appeared the driver did not know he had hit anyone; however, he also testified that, although he is not really sure, the car appeared to speed up after the man screamed.

Appellant testified that at the time of the incident he was returning from shopping; it was very dark outside; the air conditioner was on full power; the car radio was on; he did not see anything unusual or any pedestrians on the road; he did not hear anything suspicious; he was not aware his car had been involved with a pedestrian until four or five days later when contacted by law enforcement authorities. After talking with the police, he inspected his car and saw the bent mirror. Appellant has over 35 years of driving experience and said he would have stopped if he knew he hit anyone. *Held*:

OCGA § 40-6-270 (a) provides, inter alia: "The driver of any vehicle involved in an accident resulting in injury to or the death of any person or in damage to a vehicle which is driven or attended by any person shall immediately stop such vehicle at the scene of the accident or shall stop as close thereto as possible and forthwith return to the scene of the accident." Subsections (b) and (c) (1) of this statute pertinently proscribe as criminal conduct, "knowingly failing to stop and comply with the requirements of [the Code section]." Compare *Jackson v. State*, 49 Ga. App. 345, 348-349 (175 SE 421). Under a statute imposing a duty upon a motorist in an accident causing death, damage or injury to another to stop and identify himself, knowledge of the death, damage or injury is generally a prerequisite to conviction, even though the statute does not expressly require such knowledge by the motorist. Such knowledge is, of course, an element of the offense under a statute which imposes such duty upon a motorist who "knowingly" collides with or causes injury to any person. It is not absolute and positive knowledge which must be shown, but rather only that the circumstances were such that a reasonable person would have believed that an accident had occurred resulting in death, damage or injury to another. 7A AmJur2d, Automobiles and Highway Traffic, § 290. Further, as a general rule, "[a] 'crime' is a violation of a statute of this state in which there is a joint operation of an act or omission to act and intention or criminal negligence." OCGA § 16-2-1. Intent may be inferred from, and usually of necessity must be proved by, circumstantial evidence (*Legg v. State*, 204 Ga. App. 356,

357 (1) (419 SE2d 151)); it may be ascertained from acts and conduct. *Lawrence v. State*, 68 Ga. 289. Intention is a question of fact (see OCGA § 16-2-6); knowledge like intent is a fact question seldom capable of proof by direct evidence. *Johnson v. State*, 158 Ga. App. 183, 184 (1a) (279 SE2d 483). Knowledge and criminal negligence, like intent, may be proved by circumstantial evidence. There exist both direct and circumstantial evidence in this case, but the evidence as to appellant's knowledge of the accident and as to his general criminal intent is circumstantial in nature.

On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; an appellate court determines evidence sufficiency and does not weigh the evidence or determine credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). To support the verdict, circumstantial evidence must exclude only reasonable hypotheses; it need not exclude every inference or hypothesis except that of the defendant's guilt. *Smith v. State*, 257 Ga. 381, 382 (359 SE2d 662).

Appellant stipulated he was driving the car that hit the victim. In this instance the factfinder could find from the conduct of appellant in driving his car toward the victim, speeding up after the victim screamed, slowing the car down and applying the brake lights about two football fields away, that appellant had knowledge of the accident and the requisite general intent. It would appear this is the type of offense that also could be committed through an act of criminal negligence, and likewise there also exists ample evidence for the factfinder to have made such finding beyond a reasonable doubt.

Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offense of leaving the scene of an accident. Moreover, viewing the evidence of this case in a light most favorable to the verdict, we conclude the judge rationally could have found no reasonable hypothesis except that of the defendant's guilt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Whether every reasonable hypothesis except that of guilt of the defendant has been excluded is a question for the factfinder in a trial without a jury. Compare *Schmalz v. State*, 177 Ga. App. 634, 636 (341 SE2d 11).

As no enumeration of error was filed as to an alleged right to sentencing under the First Offender Act, as argued in appellant's brief, this matter is not before us on appeal. *Chezem v. State*, 199 Ga. App. 869, 870 (2) (406 SE2d 522).

*Judgment affirmed. McMurray, P. J., Andrews, Johnson, Blackburn and Smith, JJ., concur. Pope, C. J., Beasley, P. J., and Cooper, J., dissent.*

POPE, Chief Judge, dissenting.

I must dissent because there is insufficient evidence in this case from which a reasonable trier of fact could have found beyond a reasonable doubt that the defendant knowingly left the scene of an accident in violation of OCGA § 40-6-270 (a). I agree with the majority's conclusions that knowledge is an element of the offense proscribed by OCGA § 40-6-270 (a) and that the only evidence in this case of criminal intent is circumstantial in nature. However, I do not agree with the majority's further conclusion that viewing the evidence in the light most favorable to support the verdict the evidence in this case excludes every reasonable hypothesis except that of the defendant's guilt.

In this case, the defendant, a 61-year-old engineer, who is a resident of San Francisco temporarily working in the Augusta area, was returning from a trip to the grocery store in his rental vehicle. The victim and his son were walking along an unlit, well-traveled road after dark. Because the grass on the shoulder of the road was high, the victim and his son both testified that they were walking single file with one foot on the asphalt and one foot on the ground. Both the victim and his son also testified that the defendant's car was traveling at a normal speed for that portion of the road and the car made no erratic movement when it approached them but eased closer to the side of the road where they were walking. Defendant's car did not strike the son of the victim, who was walking ahead of the victim. The victim's son testified that he was wearing an "electric blue" shirt with yellow plastic letters which he opined was easy to see. However, he further testified that no one had ever told him his shirt was easy to see at night. The victim was wearing a solid blue shirt and tan pants, without any reflective material on his clothing.

The victim's son testified that the defendant applied his brakes at the top of the hill. However, he testified that the defendant's car was approximately the length of two football fields away from the area where he struck the victim at the time he applied brakes. The only other witness who had an opportunity to observe defendant and his car at the time he struck the victim was a passenger in the car traveling behind the defendant's car who testified he did not recall whether defendant applied his brakes after striking the victim and also testified defendant "looked like he didn't know if he hit him or not." That witness further testified that the defendant's car may have sped up after it hit the victim but he was not sure and offered it could have appeared that way because the driver of the car he was riding in was slowing down. The defendant's testimony was not impeached. He testified that on the night in question he was returning from the grocery store and had both the air conditioner and music on in his car with all windows closed. He stated he had no idea he struck anyone or

anything with his car until he was contacted by the police officer investigating the reported hit-and-run of the victim. He then inspected his rental car and noticed the side view mirror was bent slightly. The investigating officer corroborated the defendant's testimony that the damage to his car was slight and not readily noticeable. The defendant also presented a character witness who testified the defendant had a good reputation for honesty and integrity.

" 'Whether or not in a given case circumstances are sufficient to exclude every reasonable hypothesis save the guilt of the accused, is primarily a question for determination by the [finder of fact.] . . . However, this court as a court of law, where there appears a hypothesis from the evidence, or from the lack of evidence and the defendant's statement, pointing to the innocence of the accused, and which tested by all human experience is a reasonable one, may declare it so as a matter of law.' " *Harris v. State*, 236 Ga. 242 (223 SE2d 643) (1976) (quoting *Smith v. State*, 56 Ga. App. 384, 387 (192 SE 647) (1937)). In my opinion under the facts of this case, the hypothesis that the defendant did not know he had struck the victim with the side view mirror of his rental car until he was contacted by the police is a reasonable one which is tested by human experience and was not excluded by the evidence. Because the evidence in this case was not sufficient to authorize a finding that the defendant *knowingly* left the scene of an accident beyond a reasonable doubt, the judgment of the trial court should be reversed.

I am authorized to state that Presiding Judge Beasley and Judge Cooper join in this dissent.

DECIDED SEPTEMBER 9, 1993 —
RECONSIDERATION DENIED OCTOBER 6, 1993 ▮▮▮▮▮▮▮▮▮▮

*Kenneth R. Chance*, for appellant.
*Robert W. Hunter III, Solicitor, Carl P. Dowling, Assistant Solicitor*, for appellee.