## A99A2125. TRAVIS v. THE STATE.
### (532 SE2d 430)

POPE, Presiding Judge.

Gregory Travis was tried and convicted of theft by taking of an automobile. He appeals, raising three enumerations of error. Finding that the court properly instructed the jury and that the evidence was sufficient to convict, we affirm.

Viewing the evidence in the light most favorable to the verdict, on January 11, 1997, at about 12:30 a.m., Johnny Rodgers drove his Geo Tracker to a nightclub and parked it near one of the club's windows so that he could keep an eye on it. The car had a brand new soft top. Rodgers recalled that he locked the car doors and put on the emergency brake to keep the car, which was a stick shift, from rolling. Rodgers remembered putting on the emergency brake because the car was parked on an incline. Rodgers then went inside the club.

A short time later two club patrons, Ricky Jackson and a friend, left the nightclub. Jackson testified that he put a bag in his truck and then noticed the Geo Tracker rolling backwards across the parking lot toward him. The car had no lights on, the engine was not running, and the doors were closed. The Tracker hit the back of Jackson's car. After the impact, a man, identified at trial as Travis, got out of the Tracker and tried to leave the scene. Jackson noticed that the plastic back window of the Tracker had been cut. Jackson and his friend detained Travis until the police arrived at the scene.

The police arrived and during a pat-down search of Travis found a steak knife in his front pocket. Travis was arrested at the scene.

At trial Travis contended that he saw the Tracker rolling across the parking lot and tried to stop it. He claimed that he opened the door, grabbed the wheel and jumped in. Travis claimed that he was halfway inside and halfway out of the car and yelled to alert pedestrians to the car. Although Travis testified that he does not know how to drive, he stated that he acted out of impulse in trying to stop the car. Travis denied that he cut the back window of the car.

1. In his first enumeration of error, Travis argues that the trial court erred by failing to give his requested charge on the lesser included crime of entering an automobile.[1] Travis requested in writing that the court give the "standard charge" on entering an auto. The court declined to give this charge and charged the jury only on theft by taking.

---

[1] Despite his stated enumeration, in his argument Travis cites the statute regarding criminal trespass, OCGA § 16-7-21 (b) (1), rather than OCGA § 16-8-18, which pertains to entering an automobile. Nevertheless, Travis does not assert error in the trial court's ruling on his request to charge criminal trespass, and thus, we will not address this unenumerated error.

We find no error. OCGA § 16-8-18 provides that a person is guilty of the crime of entering an automobile when he enters it "with the intent to commit a theft or a felony." Theft by taking, on the other hand, is defined in OCGA § 16-8-2, as occurring when a person unlawfully takes or appropriates the property of another. In this case, the evidence showed either that Travis intended to take the car and was caught while taking it or that he was trying to stop a runaway car and committed no crime at all. There was no evidence that Travis entered the automobile with the intent to commit a theft or felony therein, and thus, there was no evidence to warrant a charge on entering the automobile. See generally *Edwards v. State*, 264 Ga. 131, 133 (442 SE2d 444) (1994). Even assuming that in some instances entering an automobile might be a lesser included offense of theft by taking,[2] we need not reach that question in this case because there was no evidence that Travis committed the lesser offense, and there was no error in the court's charge. Id.

2. Secondly, Travis argues that the evidence was insufficient to convict. Travis contends that the evidence showed that he did not have the requisite control[3] over the vehicle because the car was rolling in the parking lot. He further claims that because he had no keys to the car and the steering wheel column was not damaged, the evidence did not support the conviction for theft by taking.

We disagree. OCGA § 16-8-2 provides: "A person commits the offense of theft by taking when he unlawfully takes . . . any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated."

Under the statute, the phrase "regardless of the manner in which the property is taken" is a "catch-all phrase rendering our theft by taking statute broad enough to encompass . . . any other of the 'myriad and even yet-to-be-concocted schemes for depriving people of their property.'" (Citations omitted.) *Spray v. State*, 223 Ga. App. 154, 155 (1) (476 SE2d 878) (1996). The statute states that a theft is committed when a person, with the requisite intent, unlawfully takes the property of another; there is no requirement that the engine of a car be running or that the thief successfully navigate the car onto a street before the crime is complete. See *Hicks v. State*, 196 Ga. App. 180 (1) (396 SE2d 33) (1990) (theft by taking evidence suffi-

---

[2] See *Hawkins v. State*, 219 Ga. App. 484, 485 (2) (465 SE2d 527) (1995); compare *Phillips v. State*, 162 Ga. App. 199, 200 (1) (290 SE2d 142) (1982).

[3] In support of his argument, Travis cites OCGA § 16-8-11, which provides that in a prosecution under OCGA § 16-8-2, the crime shall be considered as having been committed where "the accused exercised control over the property which was the subject of the theft." Although this section applies to venue, Travis' argument here construes the word "control" too narrowly.

cient when appellant was standing beside stolen Jeep with broken steering column which belonged to a dealership located 500 yards away); see also *Preston v. State*, 183 Ga. App. 20 (1) (357 SE2d 825) (1987) (conviction for theft by receiving affirmed when appellant unsuccessfully tried to start a car which had been reported as stolen). Given the instant facts, we conclude that a rational trier of fact could find from the evidence at trial proof of Travis' guilt of theft by taking beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. Finally, Travis contends that the court erred when it failed to give a limiting instruction after it charged the jury on theft by taking. Specifically, Travis contends that the court did not limit its instruction to the jury to the allegations of the indictment.

This enumeration lacks merit. First, contrary to Travis' arguments, the court did instruct the jury to limit its consideration to the unlawful taking as specified in the indictment. Compare *Dukes v. State*, 265 Ga. 422 (457 SE2d 556) (1995). Furthermore, there was no evidence presented at trial from which the jury could conclude that Travis committed theft by taking in any manner other than that outlined in the indictment. Specifically, there was no evidence that Travis unlawfully appropriated the vehicle, and therefore, there was no possibility that the jury was misled. Compare *Harwell v. State*, 270 Ga. 765, 766 (1) (512 SE2d 892) (1999). Accordingly, we find no error.

*Judgment affirmed. Smith and Miller, JJ., concur.*

DECIDED MARCH 24, 2000.

*Tamara J. Wayland,* for appellant.
*Paul L. Howard, Jr., District Attorney, Elizabeth A. Baker, Assistant District Attorney,* for appellee.