#### 74172. WILLIAMS v. THE STATE.
(354 SE2d 184)

DEEN, Presiding Judge.

The appellant, Charles Mitchell Williams, was convicted of criminal trespass, stemming from his stepping on a small picket fence on the property of the Feminist Women's Health Center, an abortion clinic. He admitted that he intentionally damaged the clinic's fence as part of his continuing consistent conflict with, and crusade against, abortion, but defended solely on the basis that the fence violated the city's right-of-way for a sidewalk and thus constituted an illegal barricade which he had a right to destroy.

Attached to his brief is a copy of a complaint Williams filed in the federal court against the United States Postal Service, Georgia Power Company, Inc., several hospitals in the Atlanta area, several

family planning clinics, and Atlanta Coca-Cola Bottling Company, Inc., in which he in effect alleged a continuing conspiracy to assassinate or pull the switch on the innocent unborn human children. As damages, Williams sought $159,997.41 from each defendant, and a court recommendation to the President of the United States that Williams be "awarded the Medal of Freedom for singlehandedly dropping the Human Life Bomb on the abortion industry in the United States." This federal lawsuit, as well as his actions in the instant case, leave no doubt as to Williams' sincerity in his campaign against abortion.

Nevertheless, sincerity of motive does not excuse the deliberate violation of criminal law in this case. OCGA § 16-7-21 (a) provides that "[a] person commits the offense of criminal trespass when he intentionally damages any property of another without his consent and the damage thereto is $500.00 or less . . ." Williams admitted that such occurred. The possibility that the fence infringed upon the city's sidewalk right-of-way did not entitle Williams to take the law into his own hands, rather than reporting the problem fence to the appropriate regulatory division of the city.

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED FEBRUARY 12, 1987 —
REHEARING DENIED MARCH 2, 1987 —

Charles M. Williams, *pro se.*
*James L. Webb, Solicitor,* for appellee.