### 75991. BURDEN v. THE STATE.
(371 SE2d 410)

BENHAM, Judge.

Appellant was indicted for and convicted of failing to stop and give information at the scene of a vehicular collision. See OCGA § 40-6-270 (a).

1. In several enumerations of error, appellant questions the sufficiency of the evidence presented by the State and the trial court's denial of his motion for a directed verdict of acquittal. The test established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), guides our review of both the denial of the motion for directed verdict and the sufficiency of the evidence. *Humphrey v. State*, 252 Ga. 525 (1) (314 SE2d 436) (1984).

A woman testified that while driving her compact car, she was hit from behind by a dump truck that pushed her and her vehicle out of its way. She identified appellant as the driver of the dump truck that hit her and proceeded on without stopping. Two eyewitnesses called police within minutes of the collision and described the dump truck as one having a red cab and black body. Each eyewitness identified appellant as the driver of the truck that hit the woman's car. Shortly after the collision, one to one and-a-half miles from the scene of the incident, law enforcement officers stopped the black and red dump truck driven by appellant, who was traveling away from the accident. At the behest of the officers, appellant returned to the collision site, where he gave the pertinent information. The left front fender of appellant's truck had on it paint scrapings that appeared to be the same color as the woman's car, and one of the tires had rub marks. The woman's car had tire marks on it and its paint had been damaged. Skid marks 64 feet long indicated something had pushed the woman's car while the car's brakes were locked.

Appellant maintains there is no evidence that he acted with crim-

inal intent or that he did not comply with OCGA § 40-6-271 as soon as possible.

A criminal intent is necessary to sustain a finding of guilt (OCGA § 16-2-2), and a person is not presumed to act with criminal intent. OCGA § 16-2-6. However, the factfinder may consider the circumstances surrounding the act for which the accused is being prosecuted in determining whether the requisite intent is manifested by the circumstances, and this court will not disturb that factual determination unless it is contrary to the evidence and clearly erroneous. *Riddle v. State*, 145 Ga. App. 328 (1) (243 SE2d 607) (1978), overruled on other grounds, *Adsitt v. State*, 248 Ga. 237 (6) (282 SE2d 305) (1981); OCGA § 16-2-6. The evidence that appellant's truck pushed the compact car a distance of at least 64 feet and that appellant was stopped heading away from the scene, one to one and-a-half miles from the accident, supports the jury's determination that appellant intended not to stop and give the information listed in OCGA § 40-6-271.

2. Appellant sought dismissal of the indictment on the ground that it did not allege criminal intent or that he had not stopped as close to the scene as possible. "[W]here the indictment alleges an 'offense,' and names and describes the offense in terms of the penal statute, and alleges that the act was 'unlawfully' committed, and that it was 'contrary to the laws' of the State, and employs language from which it must necessarily be inferred that the criminal intent existed, it is not void because it fails to *expressly* allege the criminal intent. [Cits.]" *York v. State*, 42 Ga. App. 453 (1) (156 SE 733) (1930). The failure of the indictment to allege that appellant did not stop as close to the accident scene as possible does not void the indictment. The indictment charged that appellant failed to stop and give the information required by OCGA § 40-6-271 after having been involved in an accident resulting in damage to another vehicle. The indictment adequately informed appellant of the charge he faced, and appellant could not admit all the allegations of the indictment and be innocent of the offense. See *McWilliams v. State*, 177 Ga. App. 447 (1) (339 SE2d 721) (1985); *Brooks v. State*, 141 Ga. App. 725 (1) (234 SE2d 541) (1977).

3. Paint scrapings from the truck's fender and from the compact car were sent to the crime lab for analysis. During defense counsel's cross-examination of the police chief, it was revealed that the crime lab technician had issued a report on the paint samples. The State's subsequent tender of the report as an exhibit was met with appellant's objection, which was sustained. Appellant then sought a mistrial because the State had made the jury aware of the report's existence. When that motion was denied, appellant sought a continuance in order to subpoena the crime lab technician. That request was also denied. Appellant then withdrew his objection to the crime lab paint

report, and it was admitted. Appellant contends it was reversible error to deny his motions for a mistrial and a continuance.

The grant or denial of a mistrial or a continuance is within the discretion of the trial court. We see no abuse of that discretion, especially since appellant's counsel first made the jury aware of the existence of a paint sample report, and counsel admitted that despite his awareness prior to trial that the State did not intend to call the lab technician, he had not subpoenaed him.

4. Two exhibits submitted by appellant were admitted into evidence, thereby giving the State the right to open and conclude the argument to the jury. OCGA § 17-8-71. The State waived the opening argument, and appellant waived his argument. When the State announced it wished to make the concluding argument, appellant objected, contending that the concluding argument was a rebuttal argument and that since appellant had not made an argument, there was nothing for the State to rebut. Appellant then made a closing argument, followed by the State's closing argument. Acknowledging that error, if any, was rendered harmless by his decision to give a closing argument, appellant contends it was reversible error to allow the State to make a closing argument. We are in agreement with appellant that error, if any was harmless. "Since harm, as well as error, must be shown for reversal, this enumeration of error is also without merit." *Wood v. State*, 243 Ga. 273 (5) (253 SE2d 751) (1979).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED MAY 27, 1988 —
REHEARING DENIED JULY 11, 1988 —

*Virgil L. Brown*, for appellant.
*E. Byron Smith, District Attorney, Thomas R. McBerry, Assistant District Attorney*, for appellee.