## A89A0016. WATSON v. THE STATE.
### (379 SE2d 811)

SOGNIER, Judge.

J. T. Watson was convicted by a jury of criminal trespass and he appeals.

Evidence adduced at trial showed that appellant owned a small barbecue restaurant, for which he purchased meat and other groceries at a local market. On occasions prior to the incident in question there had been some discussion between appellant and the market manager about appellant's practice of purchasing large quantities of meat from the case, thereby leaving the market's meat case empty for other customers. Appellant had been told that it was the market's policy that restaurants could not buy cut meat from the meat case, but instead he could special order the pork butts he needed for his restaurant. On January 2, 1988 appellant traveled to the market to purchase supplies for the restaurant. He placed four pork butts from the meat case and several other items in his shopping cart and proceeded to the checkout counter. As appellant approached the checkout counter, the store's manager and several other employees prevented him from paying for the groceries and leaving. An argument ensued and the market employees told appellant to leave. Appellant refused to do so without the items he had selected and placed in his cart, and the police were summoned and arrested appellant.

1. In his first enumeration of error, appellant contends the trial court erred by failing to grant his motion for a directed verdict of acquittal. Appellant's contention is premised on his argument that, under OCGA § 11-2-401 (2) and (3) (b), title to the pork butts had passed to appellant when he identified them and placed them in his cart and consequently appellant was not refusing to leave the prem-

ises, but merely refusing to abandon property which was rightfully his. We do not agree. Even assuming, without deciding, that title to the meat passed to appellant either because the seller had completed its performance with reference to physical delivery pursuant to OCGA § 11-2-401 (2) or because appellant had "identified" the meat pursuant to OCGA § 11-2-401 (3) (b), the fact that appellant had "title" to the meat could not serve as a basis for allowing him to ignore the manager's demand that he leave, thereby violating a criminal statute. "[S]incerity of motive does not excuse the deliberate violation of criminal law in this case. OCGA § 16-7-21 [(b) (3)] provides that '(a) person commits the offense of criminal trespass when he [knowingly and without authority . . . [r]emains upon the land or premises of another person . . . after receiving notice from the owner, rightful occupant, or, upon proper identification, an authorized representative of the owner or rightful occupant to depart.]' [Appellant] admitted that such occurred. The possibility that [he had arguable title to the meat] did not entitle [appellant] to take the law into his own hands, rather than [leaving as requested and settling the matter of title under the civil law.]" *Williams v. State*, 181 Ga. App. 902, 903 (354 SE2d 184) (1987). Accordingly, the evidence did not demand a verdict of acquittal, and the trial court did not err by denying appellant's motion for a directed verdict. See generally *Loggins v. State*, 169 Ga. App. 511, 512-513 (2) (313 SE2d 769) (1984).

2. Appellant next contends the trial court erred by refusing to give his requests to charge 1-4. However, as these charges related to appellant's theory of title to the meat, as discussed in Division 1, supra, and no evidence was introduced by appellant to support his claim that he owned the meat, these requested charges were not adjusted to the evidence and the trial court thus correctly refused to give them. *McNeese v. State*, 186 Ga. App. 410, 411 (2) (367 SE2d 235) (1988).

3. We find no merit in appellant's assertion that the trial court erred by denying his demurrer. Appellant argues that because the accusation did not contain language indicating that the person asking appellant to leave the premises *identified* himself as an authorized representative of the owner, an element of the crime was lacking. The accusation stated that appellant "did knowingly and without authority remain upon the land or premises of another . . . after receiving notice from an authorized representative of the owner or rightful occupant to depart." "The legal sufficiency of the accusation or indictment depends upon the accusation as a whole. 'An [accusation] is sufficiently technical and correct if it states the offense in the terms and language of the statute or so plainly that the jury may easily understand the nature of the offense charged. (OCGA § 17-7-54).' [Cit.] '(A) defendant who was not at all misled to his prejudice by any imperfec-

tion in the indictment cannot obtain reversal of his conviction on this ground.' [Cit.]" *Manley v. State*, 187 Ga. App. 773, 775-776 (2) (371 SE2d 438) (1988). We find that appellant could not have been misled by the language of the accusation, and that it sufficiently apprised appellant of the offense charged. Appellant could not have admitted to the allegations in the accusation and be innocent of the offense of criminal trespass. See *Burden v. State*, 187 Ga. App. 778, 779 (2) (371 SE2d 410) (1988).

Moreover, appellant's demurrer was filed shortly before trial. This was a special demurrer, and as such was not timely filed. " '[S]uch motions must be made in writing upon the defendant's being arraigned. [Cit.] Where such motions are not made at the proper time, they are deemed to have been waived. [Cits.]' [Cits.]" *Hardwick v. State*, 158 Ga. App. 154, 155 (279 SE2d 253) (1981). Accordingly, the trial court did not err by denying appellant's demurrer. See id.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED MARCH 9, 1989.

*William L. Kirby II*, for appellant.

*Andrew Prather II, Solicitor, Melvin E. Cooper, Assistant Solicitor*, for appellee.