A02A1144. LAWRENCE v. THE STATE.
(571 SE2d 812)

RUFFIN, Presiding Judge.

Following a bench trial, Tony Lawrence was convicted of misdemeanor hit and run. Lawrence appeals, challenging the sufficiency of the evidence. Finding insufficient evidence to support Lawrence's conviction, we reverse.

The standard of review for an appeal from a criminal bench trial requires us to view the evidence in a light most favorable to support the trial court's judgment.[1] Lawrence "no longer enjoys a presumption of innocence; moreover, on appeal this court determines evidence sufficiency and does not weigh the evidence or determine witness credibility."[2] Viewing the evidence in this manner, we must determine whether "any rational trier of fact could have found beyond a reasonable doubt that [Lawrence] was guilty of [misdemeanor hit and run]."[3]

At trial, the State presented little evidence. That evidence showed that Kimberly Watts was stopped at a red light when the car Lawrence was driving "hit [her] from behind." After her car was struck, Watts exited her car. Watts testified that Lawrence also "got out of his car and he looked at [her] car and looked at his car. He knocked my tag off when he hit me. He picked the tag up, put it on my bumper, and got in his car and left." Lawrence admitted that he hit Watts' car, but denied causing any damage. Lawrence testified: "I pressed the brakes, and the car skidded. I got out and looked at the damages. I didn't see any damages. I got in the car and left." Based on this evidence, the trial court found Lawrence guilty of hit and run.

On appeal, Lawrence asserts that the evidence was insufficient to support his conviction because there was no proof that he damaged Watts' car. The offense of hit and run is governed by OCGA § 40-6-270. That Code section requires in part that

[t]he driver of any vehicle involved in an accident resulting in . . . damage to a vehicle which is driven or attended by

---

[1] See *Williams v. State,* 228 Ga. App. 698, 701 (2) (492 SE2d 708) (1997).

[2] (Punctuation omitted.) Id.

[3] Id. (citing *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)).

> any person shall immediately stop such vehicle at the scene of the accident[,] . . . [g]ive his name and address and the registration number of the vehicle he is driving[, and u]pon request and if it is available, exhibit his operator's license to the person struck or the driver or occupant of or person attending any vehicle collided with.[4]

Any driver who knowingly violates this provision is guilty of a misdemeanor.[5]

Thus, OCGA § 40-6-270 required the State to prove that Lawrence *knew* he left the scene after damaging Watts' car. The scant evidence presented tests the limits of criminal culpability under the statute. The salient question is whether the tag falling off of Watts' car constituted "damage" such that Lawrence knew he was required to remain at the scene and give Watts' his name, address, and vehicle registration number. This is because, as a general rule, "criminal intent is necessary to sustain a finding of guilt, and a person is not presumed to act with criminal intent."[6] Moreover, knowledge of the damage is generally considered an element of the offense of hit and run.[7] "It is not absolute and positive knowledge which must be shown, but rather only that the circumstances were such that a reasonable person would have believed that an accident had occurred resulting in . . . damage . . . to another."[8]

There is no evidence in this case that Lawrence had such knowledge. Critical to our analysis is the absence of any evidence concerning actual harm to Watts' car. The State presented no proof that the collision caused even the slightest dent, ding, or smudge on Watts' car or license tag, and it is difficult to discern from the evidence what actual harm could have resulted. Although the impact of Lawrence's vehicle caused the tag to fall off of Watts' car, we do not know whether the tag was securely affixed to her car before the collision, or how it was attached. There is no evidence establishing what was required to reattach the tag to the car. Under these circumstances, if

---

[4] OCGA § 40-6-270 (a) (1), (2).

[5] OCGA § 40-6-270 (c) (1).

[6] (Citations omitted.) *Burden v. State*, 187 Ga. App. 778, 779 (1) (371 SE2d 410) (1988) (citing OCGA §§ 16-2-2; 16-2-6). See also *Dworkin v. State*, 210 Ga. App. 461, 462 (436 SE2d 665) (1993).

[7] Id. See also 7A AmJur2d, Automobiles and Highway Traffic, § 350 (observing that, "[i]n some jurisdictions, criminal liability under a statute which imposes a duty upon a motorist involved in an accident causing damage or injury to another to stop, identify himself or herself, and the like, requires proof that the motorist knew of the damage or injury, or, at least, proof that the motorist reasonably should have known, from the nature of the accident, of the resulting damage or injury") (footnote omitted).

[8] *Dworkin*, supra.

the tag falling off Watts' car is considered damage, it is, at most, superficial damage.

The clear legislative purpose of requiring a motorist to stop and provide identifying information when he damages another's car is to provide a means for the harmed person to contact the wrongdoer and seek compensation. OCGA § 40-6-270 does not criminalize the collision itself, but the hit and run driver's attempt to evade civil liability by leaving the scene before the injured party can establish his identity.[9] Where, as in this case, the evidence shows that the person who caused the collision stopped and found no damage and that the only asserted harm was superficial, there is no civil liability to avoid, and the statutory requirement serves no purpose. Further, under the evidence presented, a reasonable person would not believe that he or she caused an accident resulting in damage to another vehicle.[10]

For these reasons, we conclude that the evidence presented at trial is insufficient to sustain Lawrence's conviction. Lawrence saw no damage to Watts' car, and Watts did not complain of any. The only proof of harm showed that any damage was superficial, at best. Based on this evidence, a rational trier of fact could not have found beyond a reasonable doubt that Lawrence was guilty of misdemeanor hit and run.[11]

*Judgment reversed. Barnes, J., concurs. Pope, Senior Appellate Judge, concurs specially.*

POPE, Senior Appellate Judge, concurring specially.

I concur in the judgment and most of the reasoning of the majority opinion. I disagree, however, with the reasoning that the judgment must be reversed because a reasonable person would not believe that he or she caused an accident resulting in damage to another vehicle where there was only "superficial damage."

If an accident causes superficial damage, there is an inference that there may be costs involved to repair the damage. For instance, scratched paint. Where the trier of fact draws that inference from facts showing superficial damage, we may not reverse because we must construe the evidence in a light most favorable to support the trial court's judgment.

In this case, there is simply no evidence of damage, and more importantly, no evidence that Lawrence was aware of any damage. Accordingly, no rational finder of fact could find beyond a reasonable doubt that Lawrence had the intent to leave the scene of an accident that caused damage.

---

[9] See 7A AmJur2d, supra at § 349.

[10] See *Dworkin*, supra.

[11] See *Williams*, supra; *Dworkin*, supra.

DECIDED SEPTEMBER 26, 2002.

*Hillman J. Toombs*, for appellant.
*Joseph J. Drolet, Solicitor-General, Richard R. Burris III, Assistant Solicitor-General*, for appellee.