## A03A1032. McKAY v. THE STATE.
(592 SE2d 135)

BLACKBURN, Presiding Judge.

Following a bench trial, Craig Robert McKay was found guilty of leaving the scene of an accident,[1] failure to exercise due care,[2] no proof of insurance,[3] and DUI less safe to drive.[4] In this appeal, McKay contests the sufficiency of the evidence only as to his convictions for leaving the scene of an accident and DUI. For the reasons set forth below, we affirm.

On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict. *Grant v. State*.[5] We neither assess witness credibility nor weigh the evidence but determine only whether the evidence meets the sufficiency standard of *Jackson v. Virginia*.[6] *Jackson v. State*.[7]

So considered, the evidence established that at 1:15 a.m., while walking in a parking lot behind a bar, Lora Baronet watched McKay struggle to back his pickup truck out of a parking space. After waiting for McKay to finish backing up, Baronet and her friend, Dawn Younger, began walking around his truck. Without warning, McKay suddenly moved his truck forward bumping into Baronet. Baronet testified that "I got back up on my feet and walked up to . . . the passenger side of his vehicle and asked him if he realized that he had

---

[9] Id.
[1] OCGA § 40-6-270.
[2] OCGA § 40-6-93.
[3] OCGA § 40-6-10.
[4] OCGA § 40-6-391 (a) (1).
[5] *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990).
[6] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[7] *Jackson v. State*, 259 Ga. App. 108 (576 SE2d 85) (2003).

just hit somebody." She described his response as being "kinda delayed. He was slumped . . . and just kinda looked at me and he was like, '[w]ell, I'm sorry, I didn't hit you that hard.'" She testified that she "smelled the odor of alcohol" and that "he seemed kind of incoherent and he couldn't look at me straight." Convinced that McKay was under the influence of alcohol, she told him that he did not need to be driving. Baronet based her opinion on McKay's delayed reaction in backing up, the fact that he hit her and kept going, was slouched over the steering wheel, slurred his speech, smelled of alcohol, and "just didn't seem to be very coherent." After some bystanders blocked McKay's egress while police were en route to the scene, McKay fled on foot. McKay left without providing his name, address, license, or other identifying information. McKay did not ask Baronet if she was hurt or inquire about the extent of her injuries. Although she did not seek immediate medical attention, she did so the following day when she could not move her neck.

Detective Robert Robinson, assigned to the hit and run unit, testified that the incident occurred on a Saturday and McKay and his lawyer came to retrieve the truck the following Monday. Although McKay provided Robinson with an insurance card and a California license, Robinson later discovered that McKay's insurance had been cancelled two months before the incident.

In finding McKay guilty, the trial court noted,

> the fact that the prosecuting witness did not know she was injured until the following day doesn't excuse his failure to return to the scene and I find him guilty of that. He knew that she had been struck and she was cast to the ground. A reasonable person would have to stop and exercise some knowledge and some effort to help her at that time.

The court also found sufficient evidence of the DUI less safe to drive count.[8]

1. McKay contends that the evidence was insufficient as a matter of law to sustain his conviction for leaving the scene of an accident. Claiming that Baronet told several of his friends that she was not injured, McKay asserts that when he left the scene, there was no injury to the victim or damage to his vehicle. McKay argues that "as absolutely no evidence has been presented that demonstrates that

---

[8] The State notified McKay of its intent to use evidence of a prior incident where McKay had entered a guilty plea to DUI and had also been charged with improper backing of his vehicle. After a similar transaction hearing, the trial court found sufficient similarity in the earlier incident. At trial, the State did not present the similar transaction evidence.

Appellant was aware of any injury to Ms. Baronet, his conviction for leaving the scene of an accident should be reversed."

"OCGA § 40-6-270 does not criminalize the collision itself, but the hit and run driver's attempt to evade civil liability by leaving the scene before the injured party can establish his identity." *Lawrence v. State*[9] (physical precedent only). In applicable part, OCGA § 40-6-270 (a) (1) requires that "[t]he driver of any vehicle involved in an accident resulting in injury to . . . any person . . . shall immediately stop such vehicle at the scene of the accident[,] . . . shall [g]ive his name and address and the registration number of the vehicle he is driving," and (2) "[u]pon request and if it is available, exhibit his operator's license to the person struck." In every incident, the law requires a driver to remain "at the scene of the accident until fulfilling the requirements of this subsection." OCGA § 40-6-270 (a). Subsection (c) (1) imposes misdemeanor punishment upon a driver who "knowingly fail[s] to stop or comply with the requirements of [the] Code section." To prove the knowledge element of the offense, "[i]t is not absolute and positive knowledge which must be shown, but rather only that the circumstances were such that a reasonable person would have believed that an accident had occurred resulting in death, damage or injury to another." *Dworkin v. State*.[10]

Here, the evidence established that while driving a vehicle, McKay accidentally struck a person and knew about that fact. The victim testified without dispute that when she confronted McKay, he had apologized, saying, "I didn't hit you that hard." Although her injuries were relatively minor and not discerned until the next day, no evidence shows that she told McKay that she was not hurt. McKay, who did not present any evidence at trial, did not testify otherwise. While McKay now claims that his friends told him that the victim said she was not hurt, the record contains no testimony to that effect. The evidence clearly shows that McKay left the accident scene without providing the mandatory identifying information to a person whom he knew had been hit by his truck. Thus, the record contains evidence to support the verdict. See *Dworkin*, supra at 463.

2. McKay contends that the evidence was insufficient as a matter of law to sustain his conviction for DUI. He claims that Baronet lacked specialized training in the detection of intoxicated individuals and that her opinion of his level of intoxication was not enough to prove the charge.

To prove the charged offense of operating a motor vehicle while "under the influence of alcohol to the extent that it was less safe for

---

[9] *Lawrence v. State*, 257 Ga. App. 592, 594 (571 SE2d 812) (2002).
[10] *Dworkin v. State*, 210 Ga. App. 461, 462 (436 SE2d 665) (1993).

the Defendant to drive," the State offered a combination of direct and circumstantial evidence. Compare *Clay v. State*.[11] A lay witness may testify as to the intoxication of the defendant and the extent thereof where the witness states the reasons for his opinion and shows that he did observe the defendant. See *New v. State*.[12]

In considerable detail, Baronet described McKay's failed effort to move his truck uneventfully from its parking space. In addition, she testified without dispute that McKay smelled of alcohol, his speech was slurred, he was slumped over the steering wheel, and he seemed "incoherent." Baronet claimed to have had life experience in observing people under the influence of alcohol. Whether to accept or reject all or part of this witness's opinion testimony was a matter for the trial court as the trier of fact. See *Bettis v. State of Ga.*[13] McKay plainly knew that his truck had hit a pedestrian. Then, after bystanders blocked his truck in, instead of awaiting the arrival of police to discuss the situation and sort things out, McKay abandoned his vehicle, fled from the scene on foot, and did not attempt to retrieve his truck until the following Monday. Collectively, from this evidence, a rational trier of fact could have found beyond a reasonable doubt that McKay was operating or in actual physical control of a motor vehicle while under the influence of alcohol to the extent that it was less safe for him to drive. See *Anthony v. State*,[14] overruled on other grounds, *State v. Coleman*.[15]

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED NOVEMBER 26, 2003 —
RECONSIDERATION DENIED DECEMBER 16, 2003.

*Steven E. Scheer*, for appellant.

*Spencer Lawton, Jr., District Attorney, Allison E. Bailey, Assistant District Attorney*, for appellee.

---

[11] *Clay v. State*, 193 Ga. App. 377, 378-379 (2) (387 SE2d 644) (1989).
[12] *New v. State*, 171 Ga. App. 392 (5) (319 SE2d 542) (1984).
[13] *Bettis v. State of Ga.*, 228 Ga. App. 120, 121 (491 SE2d 155) (1997).
[14] *Anthony v. State*, 211 Ga. App. 622, 623 (1) (441 SE2d 70) (1993).
[15] *State v. Coleman*, 216 Ga. App. 598, 600 (455 SE2d 604) (1995).