## A07A1101. DALTON v. THE STATE.
(650 SE2d 591)

SMITH, Presiding Judge.

Derek Dalton appeals his conviction for leaving the scene of an accident, OCGA § 40-6-270, contending in his sole enumeration of error that the State failed to prove all the elements of the offense. We disagree and affirm.

Construed in favor of the verdict, the evidence shows that Dalton was driving a tractor-trailer in heavy traffic when he struck the rear of the victim's car. He told the police officer he thought he had "just tapped" and "didn't do no damage," so he "just moved on with all the traffic problems. He couldn't get over." He also stated that he left the scene because "he thought the lady had motioned for him to leave."

Dalton contends that the State failed to prove any injury to person or vehicle damage within the meaning of the Code section. This, however, is foreclosed by our decisions in *McKay v. State*, 264 Ga. App. 726, 727-728 (1) (592 SE2d 135) (2003), and *Dworkin v. State*, 210 Ga. App. 461, 462 (436 SE2d 665) (1993). The State is not required to prove actual damage, because this is not the appropriate statutory test.

OCGA § 40-6-270 (a) (1) provides that the driver of any vehicle involved in an accident resulting in damage to another vehicle

> shall immediately stop such vehicle at the scene of the accident, shall give his name and address and the registration number of the vehicle he is driving, and . . . upon request and if it is available, exhibit his operator's license to the person struck. In every incident, the law requires a driver to remain at the scene of the accident until fulfilling the requirements of this subsection. Subsection (c) (1) imposes misdemeanor punishment upon a driver who knowingly fails to stop or comply with the requirements of the Code section. To prove the knowledge element of the offense, it is not absolute and positive knowledge which must be shown, but rather only that the circumstances were such that a reasonable person would have believed that an accident had occurred resulting in death, damage or injury to another.

(Citations, punctuation and footnotes omitted.) *McKay*, supra, 264 Ga. App. at 728.

In *Dworkin*, supra, the appellant struck a pedestrian a glancing blow with his side mirror, breaking his arm, but the appellant maintained that he did not know at the time that he had collided with anything. 210 Ga. App. at 462. We nevertheless held that the evidence, though circumstantial, was ample to support a conviction for leaving the scene of an accident. Id. at 463. In *McKay*, the appellant knew that he had struck the victim but told her when she confronted him, "I didn't hit you that hard," and left the scene on foot. 264 Ga. App. at 728. On appeal, McKay argued that at the time he left the scene he had no knowledge that the victim had been injured; in fact, the victim was unaware of her injuries until the following day. We disagreed, observing that even though the victim was unaware of her minor injuries at the time, she did not tell McKay that she was uninjured, and McKay did not testify otherwise. We concluded that "[t]he evidence clearly shows that McKay left the accident scene without providing the mandatory identifying information to a person whom he knew had been hit by his truck. Thus, the record contains evidence to support the verdict. See *Dworkin*, supra at 463." Id.

*Lawrence v. State*, 257 Ga. App. 592 (571 SE2d 812) (2002) (physical precedent only), is inapposite because in that case the defendant stopped and examined the car in company with the victim, and determined that the only damage to the car was that the license plate had been knocked off. Id.

> The clear legislative purpose of requiring a motorist to stop and provide identifying information when he damages another's car is to provide a means for the harmed person to contact the wrongdoer and seek compensation. OCGA § 40-6-270 does not criminalize the collision itself, but the hit and run driver's attempt to evade civil liability by leaving the scene before the injured party can establish his identity. Where, as in this case, the evidence shows that the person who caused the collision stopped and found no damage and that the only asserted harm was superficial, there is no civil liability to avoid, and the statutory requirement serves no purpose.

(Citation and footnote omitted.) Id. at 594.

Here, in contrast, Dalton acknowledged that he did not stop at all, and thus the purpose of the statute was frustrated. Under the circumstances, the trial court was authorized to conclude that a collision between a tractor-trailer and a car of sufficient force for the tractor-trailer driver to be aware of the impact was likely to result in

damage to the smaller vehicle. As the special concurrence in *Lawrence* noted, even physically minor damage to a vehicle may require a substantial sum of money to repair. 257 Ga. App. at 594 (special concurrence). Dalton admittedly knew a collision had occurred but did not stop and made absolutely no effort to ascertain whether damage had resulted. His personal opinion that no damage occurred is no more valid than the appellant's assertion in *McKay* that the victim was not hurt, even though the victim did not know she was injured until later. 264 Ga. App. at 728.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; an appellate court determines evidence sufficiency and does not weigh the evidence or determine credibility. To support the verdict, circumstantial evidence must exclude only reasonable hypotheses; it need not exclude every inference or hypothesis.

(Citations omitted.) *Dworkin*, supra, 210 Ga. App. at 463. Applying this standard to the facts of record, sufficient evidence was introduced that Dalton was aware that he had struck a car with his tractor-trailer, that damage in some monetary amount was possible, and that at a minimum he should have stopped and investigated further rather than leaving the scene without communicating with the victim. The trial court therefore did not err in denying the motion for directed verdict.

*Judgment affirmed. Barnes, C. J., and Miller, J., concur.*

DECIDED JULY 18, 2007.

*Michael B. King*, for appellant.
*Raines F. Carter, Solicitor-General, Barbara M. Collins, Assistant Solicitor-General*, for appellee.