**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RAY and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 27, 2018**

# In the Court of Appeals of Georgia

A18A0268. THE STATE v. MONDOR.

A18A0269. MONDOR v. THE STATE.

RAY, Judge.

These related appeals concern a fatal, multi-vehicle collision. The State charged Dannie Mondor with hit and run (OCGA § 40-6-270 (b)) and with first degree vehicular homicide predicated upon the hit-and-run offense (OCGA § 40-6-393 (b)). In response to Mondor's special demurrer, the trial court dismissed the indictment. Apparently anticipating that the State will re-indict him, the trial court also rejected constitutional challenges that Mondor made to the hit and run and vehicular homicide statutes and to a statute barring him from introducing evidence of the accident victim's seat belt use (OCGA § 40-8-76.1).

In Case No. A18A0268, the State appeals from the trial court's ruling on the special demurrer. Because the indictment contains the elements of the hit-and-run statute and sufficiently notifies Mondor of the accusations against him, we reverse the trial court's order granting his special demurrer and dismissing the indictment.

In Case No. A18A0269, Mondor appeals from the trial court's rulings on the constitutional arguments. Because this cross-appeal may fall within the Supreme Court's exclusive jurisdiction, we transfer it to our Supreme Court.

1. *Agreed-to facts from appellate briefs.*

In their appellate briefs, the State and Mondor agree that the accident occurred on an interstate highway. Mondor was driving a large recreational vehicle and was towing a trailer. The State alleges that the front right bumper of Mondor's recreational vehicle struck the left rear bumper of a second vehicle during a lane change. The second vehicle lost control and struck a third vehicle. The passenger in the third vehicle died after being ejected from the vehicle. After the accident, Mondor stopped on the side of the road at a nearby exit. He then apparently drove to a shopping center parking lot, called the police to report the accident, and waited for their arrival.

2. *A18A0268 — Special demurrer to indictment.*

A special demurrer challenges the sufficiency of the form of the indictment. *Jackson v. State*, 316 Ga. App. 588, 591 (2) (730 SE2d 69) (2012). "In reviewing a ruling on a special demurrer, we apply a de novo standard of review, because it is a question of law whether the allegations in the indictment are legally sufficient." (Citation and punctuation omitted.) *McGlynn v. State*, 342 Ga. App. 170, 175 (2) (803 SE2d 97) (2017). Mondor was entitled to an indictment "perfect in form" because he filed his special demurrer before going to trial. *Kimbrough v. State*, 300 Ga. 878, 881 (3) (779 SE2d 229) (2017).

When inquiring whether an indictment is sufficient to withstand a special demurrer,

> the applicable standard is not whether [the indictment] could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.

(Citation and punctuation omitted.) *Hairston v. State*, 322 Ga. App. 572, 575 (2) (745 SE2d 798) (2013).

The trial court granted Mondor's special demurrer and dismissed the indictment, finding that the indictment was "not perfect in form and substance" because it "makes no mention of any knowledge by [Mondor] of any death, damage, or injury."[1] The State argues that the trial court erred in concluding that the indictment did not sufficiently allege all of the elements of the hit-and-run offense. We agree with the State.

As required by OCGA § 40-6-270 (a), "[t]he driver of any vehicle involved in an accident resulting in injury to or death of any person . . . shall immediately stop such vehicle at the scene of the accident or shall stop as close thereto as possible and forthwith return to the scene of the accident and shall [render specified assistance]." Further, "[i]f such accident is the proximate cause of death or a serious injury, any person knowingly failing to stop and comply with the requirements of subsection (a) of this Code section shall be guilty of a felony[.]" OCGA § 40-6-270 (b).

The indictment in this case alleges, in relevant part, that Mondor was

the driver of a vehicle on Interstate 75 which was involved in an

accident [on October 26, 2013] . . . [in which the] accused's vehicle

---

[1] The sufficiency of the hit-and-run allegation affects both counts of the indictment because the State charged Mondor with both hit and run and vehicular homicide predicated on hit and run.

4

struck a vehicle being driven by William Stone, causing William Stone's vehicle to strike a vehicle in which Bradley Braland was a passenger, and which was the proximate cause of the death of Bradley Braland . . . [and the accused] did *knowingly fail to stop and comply with the requirements of OCGA § 40-6-270 (a)*[. . . ].

The crime that OCGA § 40-6-270 (a) (1) - (4) addresses is the failure to stop and perform certain specified actions.[2] OCGA § 40-6-270 (b) then mandates punishment based upon the circumstances of the accident and the defendant's "*knowingly failing to stop and comply*" with the statute. Therefore, the hit-and-run statute does not require the defendant to know that he was involved in an accident *causing* death, damage, or injury to another. It follows, therefore, that the State need not allege Mondor's specific awareness or state of mind, nor his *actual knowledge*

---

[2] We have held that

the clear legislative purpose of requiring a motorist to stop and provide identifying information . . . is to provide a means for the harmed person to contact the wrongdoer and seek compensation. OCGA § 40-6-270 *does not criminalize the collision itself, but the hit and run driver's attempt to evade civil liability by leaving the scene* before the injured party can establish his identity.

(Citation omitted; emphasis supplied.) *Dalton v. State*, 286 Ga. App. 666, 667 (650 SE2d 591) (2007).

5

that he was in an accident causing damage, injury or death. The defendant is held, rather, to a knew-or-should-have-known standard, and the indictment need only inform Mondor of the *circumstances* giving rise to the need for a reasonable person to stop and comply with the statute. *Sevostiyanova v. State*, 313 Ga. App. 729 (722 SE2d 333) (2012).[3] Although the indictment must allege that the accused "did knowingly fail to stop" and comply with the requirements to give certain information and render aid after an accident, there is no requirement that the indictment must also allege that the accused knew or should have know he was in an accident. If one knowingly failed to stop and comply with the law, he necessarily would have known he was in an accident from which the obligation to stop springs.

The indictment in the instant case furnishes the required notice of the *circumstances* and Mondor's *knowing* failure to stop. As outlined above, the indictment alleges the basic facts and circumstances of the accident and clearly

---

[3] There may be the rare case such as *Lawrence v. State*, 257 Ga. App. 592 (571 SE2d 812) (2002), where it is not a crime for a driver to leave the scene if he first stops and finds that there is no damage. However, the facts of *Lawrence*, supra, are highly unusual, perhaps unique, because there was virtually no evidence presented other than testimony that the accident occurred and that a license plate had fallen off. Id. at 593-594. Further, the same principle does not appear to apply to cases of personal injury because many physical injuries may manifest later. See *McKay v. State*, 264 Ga. App. 726, 728 (1) (592 SE2d 135) (2003).

alleges that Mondor "did knowingly fail to *stop and comply*" with the statutory requirements. (Emphasis supplied.) OCGA § 40-6-270 (b). See generally, *Dalton*, supra at 667-668 (finding the trail court "authorized to conclude that a collision between a tractor-trailer and a car of sufficient force for the tractor-trailer driver to be aware of the impact was likely to result in damage to the smaller vehicle . . . [the defendant] admittedly knew a collision had occurred but did not stop and made absolutely no effort to ascertain whether damage had resulted").[4]

Because the indictment, as written, contains the elements of the hit-and-run offense and sufficiently notifies Mondor of the accusations against him, see *Hairston*, supra, we reverse the trial court's order granting Mondor's special demurrer. See *Sallee v. State*, 329 Ga. App. 612, 617 (3) (b) (765 SE2d 758) (2014) ("The indictment was sufficient to withstand a special demurrer because it stated the elements of the

---

[4] Even if Mondor intends to dispute that he knew or should have known that he was in an accident, knowledge is "a fact question seldom capable of proof by direct evidence," but may be proved by circumstantial evidence. See generally *Dworkin v. State*, 210 Ga. App. 461, 462-464 (436 SE2d 665) (1993). Here, there appears at a minimum to be circumstantial evidence from which the jury could conclude that Mondor had knowledge of the accident: he pulled his vehicle over on the side of the road after the accident and then pulled into a shopping center to call the police. Id. (finding the evidence, though circumstantial, was sufficient to support a conviction for leaving the scene of an accident when defendant struck a pedestrian with his side mirror, even though he maintained he did not know he collided with anything at the time).

7

offense, apprised [defendant] of the charges against him so that he could prepare his defense, and protected [defendant] against subsequent prosecutions for the same offense") (citation omitted).

3. *A18A0269 — Constitutional arguments.*

In his cross-appeal, Mondor argues that the hit-and-run and vehicular homicide statutes are unconstitutional as applied to the facts of this case, and that the statutory bar to evidence of seat belt use is unconstitutional as applied to the facts of this case. Our Supreme Court "has exclusive jurisdiction over all cases involving construction of the Constitution of the State of Georgia and of the United States and all cases in which the constitutionality of a law, ordinance, or constitutional provision has been called into question." *Atlanta Independent School System v. Lane*, 266 Ga. 657 (1) (469 SE2d 22) (1996) (citing Ga. Const. of 1983, Art. VI, Sec. VI, Para. II (1)). It appears that the cross-appeal invokes our Supreme Court's jurisdiction.

We are not aware of any Supreme Court cases addressing the constitutional issues raised by Mondor. Moreover, the record indicates that Mondor raised these arguments before the trial court and that the trial court ruled on them. Mondor's counsel argued his constitutional challenges to the hit-and-run and vehicular homicide statutes at the hearing on the demurrer, and the trial court rejected these

8

arguments. Mondor challenged the constitutionality of the seat belt statute in a pleading that he incorporated by reference into his demurrer, and the trial court ruled against him. The trial court was not required to expressly mention the constitutional arguments in his written order, so long as those arguments were distinctly ruled upon in the trial court. *Jenkins v. State*, 284 Ga. 642, 643 (1) (670 SE2d 425) (2008). And the record, including the hearing transcript, shows that the trial court must necessarily have rejected Mondor's constitutional arguments to reach the conclusions in the trial court's order. See *Bello v. State*, 300 Ga. 682, 683 n. 2 (797 SE2d 882) (2017); *Rouse v. Dept. of Natural Resources*, 271 Ga. 726, 728 (1) (524 SE2d 455) (1999). To the extent there is doubt about whether this constituted a distinct ruling on the constitutional issue, the Supreme Court, rather than this court, should resolve that doubt. See *Saxton v. Coastal Dialysis & Med. Clinic*, 267 Ga. 177, 178 (476 SE2d 587) (1996) (Supreme Court has "the ultimate responsibility for construing the constitutional provisions regarding appellate jurisdiction"). So we transfer this cross appeal to the Supreme Court.

9

*Judgment reversed in Case No. A18A0268. Rickman, J., concurs, McFadden, P. J., dissents. Appeal transferred in Case No. A18A0269. McFadden, P. J. and Rickman, J., concur.**

**\*THIS OPINION IS PHYSICAL PRECEDENT ONLY. SEE COURT OF APPEALS RULE 33.2.**

A18A0268, A18A0269. THE STATE v. MONDOR and vice versa.

McFADDEN, Presiding Judge, concurring in part and dissenting in part.

The trial court correctly ruled that, although the indictment tracks the statute, it is potentially misleading. It is potentially misleading because our case law imposes on the state a heaver burden than the statute under which Mondor was indicted might be read to impose. And an indictment — even one that tracks a statute — is not perfect in form if it fails to enable the jurors to easily understand the charge.

So I respectfully dissent to the majority's decision to reverse the trial court in Case No. A18A0268. I would affirm the trial court's ruling in favor of Mondor on his special demurrer. As for Case No. A18A0269, I agree with the majority that the more fundamental questions about this prosecution that Mondor raises therein must be decided by our Supreme Court.

As the majority acknowledges, Mondor was entitled to an indictment "perfect in form." See *Kimbrough v. State*, 300 Ga. App. 878, 881 (3) (779 SE2d 229) (2017). "O.C.G.A. § 17-7-54 (a) provides that an indictment "which states the offense in the

terms and language of this Code or so plainly that the nature of the offense charged may easily be understood by the jury shall be deemed sufficiently technical and correct." The question before us today is whether an indictment is "perfect in form" when it tracks the "language of th[e] Code," but — because of a gloss case law has put on the language of the statute allegedly violated — may not "easily be understood by the jury." I would hold that an indictment found by the trial court to be misleading in that way is not perfect in form.

In addition to whether the nature of the offense charged may be easily understood by the jury, inquiry into the sufficiency of an indictment's form involves considerations such as: whether the indictment "contains the elements of the offense intended to be charged," *State v. Wyatt*, 295 Ga. 257, 260 (2) (759 SE2d 500) (2014) (citation and punctuation omitted); and whether the indictment "allege[s] the underlying facts with enough detail to sufficiently apprise the defendant of what he must be prepared to meet." *Kimbrough*, 300 Ga. at 881 (2) (citations and punctuation omitted).

Here the statutory language does not clearly reflect the knowledge element of the offense, as Georgia case law has interpreted that element. The word "knowingly" in the statute modifies a person's failure to stop and a person's failure to take other

2

specified actions. So the precise wording of the statute suggests that the knowledge that the state must prove is only the defendant's knowledge that he or she did not stop and did not take the specified actions. In most cases (including, it appears, in this case), there is no question about whether the defendant knew if he did nor did not stop or take other actions.

But our case law has interpreted the word "knowingly" to require more. And under that case law, Mondor is entitled to argue that he did not act knowingly. We have held that, to prove an accused "knowingly" failed to stop and act in violation of OCGA § 40-6-270, the state must show more than simply that the defendant knew he or she did not stop and knew he or she did not take certain actions. The state must also show that the accused either knew or should have known that the circumstances *required* him to stop and take certain actions. See *Sevostiyanova v. State*, 313 Ga. App. 729, 739 (14) (722 SE2d 333) (2012); *Dalton v. State*, 286 Ga. App. 666, 668 (650 SE2d 591) (2007); *McKay v. State*, 264 Ga. App. 726, 728 (1) (592 SE2d 135) (2003); *Lawrence v. State*, 257 Ga. App. 592, 593 (571 SE2d 812) (2002); *Scott v. State*, 230 Ga. App. 522, 525 (2) (496 SE2d 494) (1998); *Dworkin v. State*, 210 Ga. App. 461, 462 (436 SE2d 665) (1993). The state conceded to the trial court that, for

3

the hit-and-run statute to apply, "[y]ou have to knowingly be involved in an accident" (although the state is less clear on this point in its appellate brief).

And it appears that whether Mondor "knowingly [was] involved in an accident" may be a contested issue at trial. His appellate brief suggests that, in defense of the charges against him, he will challenge the state's evidence that he knew he struck the second vehicle. Contrary to the majority's suggestion, the sufficiency of the anticipated evidence showing Mondor knew he was in an accident is irrelevant at this stage of the proceedings, where we are concerned only with whether the indictment is perfect in form.

Notwithstanding the provision in OCGA § 17-7-54 (a) that an indictment "shall be deemed sufficiently technical and correct" if it is stated "in the terms and language of th[e] Code," an indictment does not always survive a special demurrer simply because it tracks the language of the statute setting forth the offense. See *Kimbrough*, 300 Ga. at 881 (2) (indictment may be subject to special demurrer despite tracking statutory language). "The requirement of the statute is, that the offense must be so *plainly* stated that the juryman may *easily* understand its nature." *Moore v. State*, 54 Ga. App. 218, 219 (187 SE2d 595) (1936) (construing an earlier Code's version of OCGA § 17-7-54) (citation and punctuation omitted; emphasis in original). See Jack

4

Goger, Daniel's Georgia Criminal Trial Practice (2016-2017 ed.), § 13:4 ("[i]f the jurors cannot easily understand the nature of the charge in the indictment, the indictment may be defective even where stated in the precise language of the statute") (punctuation omitted). See generally *Wyatt*, 295 Ga. at 260 (2) ("an indictment couched in the language of the statute alleged to have been violated is not subject to a *general demurrer*," but "[a]n indictment that is not subject to a general demurrer may, however, be subject to a special demurrer, which challenges the specificity of the indictment") (citations and punctuation omitted; emphasis supplied).

Here, because the statutory language in the indictment does not sufficiently set out the knowledge element (which our case law defines more broadly than that statutory language might be read to define it), and because that statutory language suggests that Mondor could be convicted whether or not he knew or had reason to know that he was involved in an accident that subjected him to the requirements of the hit-and-run statute (notwithstanding that our case law requires such knowledge), the indictment's bald recitation of the precise statutory language could mislead the jury. By holding, as a matter of law, that the indictment before us is perfect in form, the majority errs.