Ray, Judge.
These related appeals concern a fatal, multi-vehicle collision. The State charged Dannie Mondor with hit and run ( OCGA § 40-6-270 (b) ) and with first degree vehicular homicide predicated upon the hit-and-run offense ( OCGA § 40-6-393 (b) ). In response to Mondor's special demurrer, the trial court dismissed the indictment. Apparently anticipating that the State will re-indict him, the trial court also rejected constitutional challenges that Mondor made to the hit and run and vehicular homicide statutes and to a statute barring him from introducing evidence of the accident victim's seat belt use ( OCGA § 40-8-76.1 ).
In Case No. A18A0268, the State appeals from the trial court's ruling on the special demurrer. Because the indictment contains the elements of the hit-and-run statute and sufficiently notifies Mondor of the accusations against him, we reverse the trial court's *792 order granting his special demurrer and dismissing the indictment.
In Case No. A18A0269, Mondor appeals from the trial court's rulings on the constitutional arguments. Because this cross-appeal may fall within the Supreme Court's exclusive jurisdiction, we transfer it to our Supreme Court.
1. Agreed-to facts from appellate briefs.
In their appellate briefs, the State and Mondor agree that the accident occurred on an interstate highway. Mondor was driving a large recreational vehicle and was towing a trailer. The State alleges that the front right bumper of Mondor's recreational vehicle struck the left rear bumper of a second vehicle during a lane change. The second vehicle lost control and struck a third vehicle. The passenger in the third vehicle died after being ejected from the vehicle. After the accident, Mondor stopped on the side of the road at a nearby exit. He then apparently drove to a shopping center parking lot, called the police to report the accident, and waited for their arrival.
2. A18A0268-Special demurrer to indictment.
A special demurrer challenges the sufficiency of the form of the indictment. Jackson v. State , 316 Ga. App. 588, 591 (2), 730 S.E.2d 69 (2012). "In reviewing a ruling on a special demurrer, we apply a de novo standard of review, because it is a question of law whether the allegations in the indictment are legally sufficient." (Citation and punctuation omitted.) McGlynn v. State , 342 Ga. App. 170, 175 (2), 803 S.E.2d 97 (2017). Mondor was entitled to an indictment "perfect in form" because he filed his special demurrer before going to trial. Kimbrough v. State , 300 Ga. 878, 881 (3), 799 S.E.2d 229 (2017).
When inquiring whether an indictment is sufficient to withstand a special demurrer,
the applicable standard is not whether [the indictment] could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.
(Citation and punctuation omitted.) Hairston v. State , 322 Ga. App. 572, 575 (2), 745 S.E.2d 798 (2013).
The trial court granted Mondor's special demurrer and dismissed the indictment, finding that the indictment was "not perfect in form and substance" because it "makes no mention of any knowledge by [Mondor] of any death, damage, or injury."[1] The State argues that the trial court erred in concluding that the indictment did not sufficiently allege all of the elements of the hit-and-run offense. We agree with the State.
As required by OCGA § 40-6-270 (a), "[t]he driver of any vehicle involved in an accident resulting in injury to or death of any person ... shall immediately stop such vehicle at the scene of the accident or shall stop as close thereto as possible and forthwith return to the scene of the accident and shall [render specified assistance]." Further, "[i]f such accident is the proximate cause of death or a serious injury, any person knowingly failing to stop and comply with the requirements of subsection (a) of this Code section shall be guilty of a felony[.]" OCGA § 40-6-270 (b).
The indictment in this case alleges, in relevant part, that Mondor was
the driver of a vehicle on Interstate 75 which was involved in an accident [on October 26, 2013] ... [in which the] accused's vehicle struck a vehicle being driven by William Stone, causing William Stone's vehicle to strike a vehicle in which Bradley Braland was a passenger, and which was the proximate cause of the death of Bradley Braland ... [and the accused] did knowingly fail to stop and comply with the requirements of OCGA § 40-6-270 (a) [...].
*793 The crime that OCGA § 40-6-270 (a) (1)-(4) addresses is the failure to stop and perform certain specified actions.[2] OCGA § 40-6-270 (b) then mandates punishment based upon the circumstances of the accident and the defendant's "knowingly failing to stop and comply " with the statute. Therefore, the hit-and-run statute does not require the defendant to know that he was involved in an accident causing death, damage, or injury to another. It follows, therefore, that the State need not allege Mondor's specific awareness or state of mind, nor his actual knowledge that he was in an accident causing damage, injury or death. The defendant is held, rather, to a knew-or-should-have-known standard, and the indictment need only inform Mondor of the circumstances giving rise to the need for a reasonable person to stop and comply with the statute. Sevostiyanova v. State , 313 Ga. App. 729, 722 S.E.2d 333 (2012).[3] Although the indictment must allege that the accused "did knowingly fail to stop" and comply with the requirements to give certain information and render aid after an accident, there is no requirement that the indictment must also allege that the accused knew or should have know he was in an accident. If one knowingly failed to stop and comply with the law, he necessarily would have known he was in an accident from which the obligation to stop springs.
The indictment in the instant case furnishes the required notice of the circumstances and Mondor's knowing failure to stop. As outlined above, the indictment alleges the basic facts and circumstances of the accident and clearly alleges that Mondor "did knowingly fail to stop and comply " with the statutory requirements. (Emphasis supplied.) OCGA § 40-6-270 (b). See generally, Dalton , supra at 667-668, 650 S.E.2d 591 (finding the trail court "authorized to conclude that a collision between a tractor-trailer and a car of sufficient force for the tractor-trailer driver to be aware of the impact was likely to result in damage to the smaller vehicle ... [the defendant] admittedly knew a collision had occurred but did not stop and made absolutely no effort to ascertain whether damage had resulted").[4]
Because the indictment, as written, contains the elements of the hit-and-run offense and sufficiently notifies Mondor of the accusations against him, see Hairston , supra, we reverse the trial court's order granting Mondor's special demurrer. See Sallee v. State , 329 Ga. App. 612, 617 (3) (b), 765 S.E.2d 758 (2014) ("The indictment was sufficient to withstand a special demurrer because it stated the elements of the offense, apprised [defendant] of the charges against him so that he could prepare his defense, and protected [defendant] against subsequent prosecutions for the same offense") (citation omitted).
*794 3. A18A0269-Constitutional arguments.
In his cross-appeal, Mondor argues that the hit-and-run and vehicular homicide statutes are unconstitutional as applied to the facts of this case, and that the statutory bar to evidence of seat belt use is unconstitutional as applied to the facts of this case. Our Supreme Court "has exclusive jurisdiction over all cases involving construction of the Constitution of the State of Georgia and of the United States and all cases in which the constitutionality of a law, ordinance, or constitutional provision has been called into question." Atlanta Independent School System v. Lane , 266 Ga. 657 (1), 469 S.E.2d 22 (1996) (citing Ga. Const. of 1983, Art. VI, Sec. VI, Para. II (1) ). It appears that the cross-appeal invokes our Supreme Court's jurisdiction.
We are not aware of any Supreme Court cases addressing the constitutional issues raised by Mondor. Moreover, the record indicates that Mondor raised these arguments before the trial court and that the trial court ruled on them. Mondor's counsel argued his constitutional challenges to the hit-and-run and vehicular homicide statutes at the hearing on the demurrer, and the trial court rejected these arguments. Mondor challenged the constitutionality of the seat belt statute in a pleading that he incorporated by reference into his demurrer, and the trial court ruled against him. The trial court was not required to expressly mention the constitutional arguments in his written order, so long as those arguments were distinctly ruled upon in the trial court. Jenkins v. State , 284 Ga. 642, 643 (1), 670 S.E.2d 425 (2008). And the record, including the hearing transcript, shows that the trial court must necessarily have rejected Mondor's constitutional arguments to reach the conclusions in the trial court's order. See Bello v. State , 300 Ga. 682, 683 n. 2, 797 S.E.2d 882 (2017) ; Rouse v. Dept. of Natural Resources , 271 Ga. 726, 728 (1), 524 S.E.2d 455 (1999). To the extent there is doubt about whether this constituted a distinct ruling on the constitutional issue, the Supreme Court, rather than this court, should resolve that doubt. See Saxton v. Coastal Dialysis & Med. Clinic , 267 Ga. 177, 178, 476 S.E.2d 587 (1996) (Supreme Court has "the ultimate responsibility for construing the constitutional provisions regarding appellate jurisdiction"). So we transfer this cross appeal to the Supreme Court.
Judgment reversed in Case No. A18A0268. Rickman, J., concurs, McFadden, P. J., dissents. Appeal transferred in Case No. A18A0269.
McFadden, P. J. and Rickman, J., concur.*
*THIS OPINION IS PHYSICAL PRECEDENT ONLY. SEE COURT OF APPEALS RULE 33.2.

The sufficiency of the hit-and-run allegation affects both counts of the indictment because the State charged Mondor with both hit and run and vehicular homicide predicated on hit and run.

We have held that
the clear legislative purpose of requiring a motorist to stop and provide identifying information ... is to provide a means for the harmed person to contact the wrongdoer and seek compensation. OCGA § 40-6-270does not criminalize the collision itself, but the hit and run driver's attempt to evade civil liability by leaving the scene before the injured party can establish his identity.
(Citation omitted; emphasis supplied.) Dalton v. State , 286 Ga. App. 666, 667, 650 S.E.2d 591 (2007).

There may be the rare case such as Lawrence v. State , 257 Ga. App. 592, 571 S.E.2d 812 (2002), where it is not a crime for a driver to leave the scene if he first stops and finds that there is no damage. However, the facts of Lawrence , supra, are highly unusual, perhaps unique, because there was virtually no evidence presented other than testimony that the accident occurred and that a license plate had fallen off. Id. at 593-594, 571 S.E.2d 812. Further, the same principle does not appear to apply to cases of personal injury because many physical injuries may manifest later. See McKay v. State , 264 Ga. App. 726, 728 (1), 592 S.E.2d 135 (2003).

Even if Mondor intends to dispute that he knew or should have known that he was in an accident, knowledge is "a fact question seldom capable of proof by direct evidence," but may be proved by circumstantial evidence. See generally Dworkin v. State , 210 Ga. App. 461, 462-464, 436 S.E.2d 665 (1993). Here, there appears at a minimum to be circumstantial evidence from which the jury could conclude that Mondor had knowledge of the accident: he pulled his vehicle over on the side of the road after the accident and then pulled into a shopping center to call the police. Id. (finding the evidence, though circumstantial, was sufficient to support a conviction for leaving the scene of an accident when defendant struck a pedestrian with his side mirror, even though he maintained he did not know he collided with anything at the time).