MCFADDEN, Presiding Judge, concurring in part and dissenting in part.
The trial court correctly ruled that, although the indictment tracks the statute, it is potentially misleading. It is potentially misleading because our case law imposes on the state a heaver burden than the statute under which Mondor was indicted might be read to impose. And an indictment-even one that tracks a statute-is not perfect in form if it fails to enable the jurors to easily understand the charge.
So I respectfully dissent to the majority's decision to reverse the trial court in Case No. A18A0268. I would affirm the trial court's ruling in favor of Mondor on his special demurrer. As for Case No. A18A0269, I agree with the majority that the more fundamental questions about this prosecution that Mondor raises therein must be decided by our Supreme Court.
As the majority acknowledges, Mondor was entitled to an indictment "perfect in form." See Kimbrough v. State , 300 Ga. 878, 881 (3), 799 S.E.2d 229 (2017). " O.C.G.A. § 17-7-54 (a) provides that an indictment "which states the offense in the terms and language of this Code or so plainly that the nature of the offense charged may easily be understood by the jury shall be deemed sufficiently technical and correct." The question before us today is whether an indictment is "perfect in form" when it tracks the "language of th[e] Code," but-because of a gloss case law has put on the language of the statute allegedly violated-may not "easily *795 be understood by the jury." I would hold that an indictment found by the trial court to be misleading in that way is not perfect in form.
In addition to whether the nature of the offense charged may be easily understood by the jury, inquiry into the sufficiency of an indictment's form involves considerations such as: whether the indictment "contains the elements of the offense intended to be charged," State v. Wyatt , 295 Ga. 257, 260 (2), 759 S.E.2d 500 (2014) (citation and punctuation omitted); and whether the indictment "allege[s] the underlying facts with enough detail to sufficiently apprise the defendant of what he must be prepared to meet." Kimbrough , 300 Ga. at 881 (2), 799 S.E.2d 229 (citations and punctuation omitted).
Here the statutory language does not clearly reflect the knowledge element of the offense, as Georgia case law has interpreted that element. The word "knowingly" in the statute modifies a person's failure to stop and a person's failure to take other specified actions. So the precise wording of the statute suggests that the knowledge that the state must prove is only the defendant's knowledge that he or she did not stop and did not take the specified actions. In most cases (including, it appears, in this case), there is no question about whether the defendant knew if he did nor did not stop or take other actions.
But our case law has interpreted the word "knowingly" to require more. And under that case law, Mondor is entitled to argue that he did not act knowingly. We have held that, to prove an accused "knowingly" failed to stop and act in violation of OCGA § 40-6-270, the state must show more than simply that the defendant knew he or she did not stop and knew he or she did not take certain actions. The state must also show that the accused either knew or should have known that the circumstances required him to stop and take certain actions. See Sevostiyanova v. State , 313 Ga. App. 729, 739 (14), 722 S.E.2d 333 (2012) ; Dalton v. State , 286 Ga. App. 666, 668, 650 S.E.2d 591 (2007) ; McKay v. State , 264 Ga. App. 726, 728 (1), 592 S.E.2d 135 (2003) ; Lawrence v. State , 257 Ga. App. 592, 593, 571 S.E.2d 812 (2002) ; Scott v. State , 230 Ga. App. 522, 525 (2), 496 S.E.2d 494 (1998) ; Dworkin v. State , 210 Ga. App. 461, 462, 436 S.E.2d 665 (1993). The state conceded to the trial court that, for the hit-and-run statute to apply, "[y]ou have to knowingly be involved in an accident" (although the state is less clear on this point in its appellate brief).
And it appears that whether Mondor "knowingly [was] involved in an accident" may be a contested issue at trial. His appellate brief suggests that, in defense of the charges against him, he will challenge the state's evidence that he knew he struck the second vehicle. Contrary to the majority's suggestion, the sufficiency of the anticipated evidence showing Mondor knew he was in an accident is irrelevant at this stage of the proceedings, where we are concerned only with whether the indictment is perfect in form.
Notwithstanding the provision in OCGA § 17-7-54 (a) that an indictment "shall be deemed sufficiently technical and correct" if it is stated "in the terms and language of th[e] Code," an indictment does not always survive a special demurrer simply because it tracks the language of the statute setting forth the offense. See Kimbrough , 300 Ga. at 881 (2), 799 S.E.2d 229 (indictment may be subject to special demurrer despite tracking statutory language). "The requirement of the statute is, that the offense must be so plainly stated that the juryman may easily understand its nature." Moore v. State , 54 Ga. App. 218, 219, 187 S.E. 595 (1936) (construing an earlier Code's version of OCGA § 17-7-54 ) (citation and punctuation omitted; emphasis in original). See Jack Goger, Daniel's Georgia Criminal Trial Practice (2016-2017 ed.), § 13:4 ("[i]f the jurors cannot easily understand the nature of the charge in the indictment, the indictment may be defective even where stated in the precise language of the statute") (punctuation omitted). See generally Wyatt , 295 Ga. at 260 (2), 759 S.E.2d 500 ("an indictment couched in the language of the statute alleged to have been violated is not subject to a general demurrer ," but "[a]n indictment that is not subject to a general demurrer may, however, be subject to a special demurrer, which challenges the specificity of the indictment") (citations and punctuation omitted; emphasis supplied).
*796 Here, because the statutory language in the indictment does not sufficiently set out the knowledge element (which our case law defines more broadly than that statutory language might be read to define it), and because that statutory language suggests that Mondor could be convicted whether or not he knew or had reason to know that he was involved in an accident that subjected him to the requirements of the hit-and-run statute (notwithstanding that our case law requires such knowledge), the indictment's bald recitation of the precise statutory language could mislead the jury. By holding, as a matter of law, that the indictment before us is perfect in form, the majority errs.